J-A11007-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
MIGUEL PASCUAL :
:
Appellant : No. 1337 MDA 2024

Appeal from the Judgment of Sentence Entered August 15, 2024
In the Court of Common Pleas of Berks County Criminal Division at
No(s): CP-06-SA-0000153-2024

BEFORE: MURRAY, J., KING, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY MURRAY, J.: **FILED: MAY 20, 2025**

Miguel Pascual (Appellant) appeals, *pro se*,[1] from the judgment of

sentence imposed following his summary convictions of driving while

operating privilege is suspended or revoked, carrying and exhibiting driver's

license on demand (collectively, the traffic offenses), and direct criminal

contempt.[2] We affirm.

The trial court summarized the underlying factual history:

On January 2, 2024, [Pennsylvania State Police] Trooper Justin
Marderness [(Trooper Marderness)] attended a hearing for []
Appellant at Magisterial District Judge [Steven] Chieffo's office.
The hearing was in relation to a driving while operating privilege[
is] suspended or revoked citation for [] Appellant. … [U]pon

_____

[*] Former Justice specially assigned to the Superior Court.

[1] Appellant represented himself at all relevant proceedings.

[2] 75 Pa.C.S.A. §§ 1543(a), 1511(a); 42 Pa.C.S.A. § 4132(3).

conclusion of that hearing, [Trooper Marderness] exited Judge Chieffo's office and observed [] Appellant get into the driver's seat of a silver Toyota Sienna (the "vehicle"). [] Appellant started the vehicle and drove onto Memorial Highway in Ruscombmanor Township[,] Berks County, Pennsylvania. Trooper Marderness got into his marked patrol vehicle, follow[ed] Appellant and initiated a traffic stop. Trooper Marderness confirmed that Appellant was the sole occupant and driver of the vehicle. Trooper Marderness verified Appellant's motor vehicle registration. [Trooper Marderness] found and reviewed Appellant's certified driver history on [the police cruiser's vehicle-mounted] mobile computer. … [Trooper Marderness's] verification revealed that Appellant was the registered owner of the vehicle and that his license was suspended. Trooper Marderness then informed Appellant that he pulled [Appellant] over because he was driving while his operating privilege was suspended. Trooper Marderness … asked Appellant for his Pennsylvania state-issued driver's license or identification card. Appellant refused to produce either. Upon Appellant's refusal to furnish identification, Trooper Marderness issued Appellant two (2) traffic citations: driving while operating privilege is suspended or revoked and failure to carry and exhibit a driver's license on demand[ (the traffic offenses)]. … Appellant failed to provide his license within fifteen (15) days to PennDOT or any police station per [75 Pa.C.S.A. § 1511(b)(1) (providing that a driver may avoid any penalty for failure to exhibit a driver's license upon demand where he "produces at the headquarters of the police officer who demanded to see the person's license, within 15 days of demand, a driver's license valid in this Commonwealth at the time of the demand").] Trooper Marderness … was in full uniform and in a marked vehicle when he initiated the traffic stop.

Trial Court Opinion, 11/26/24, at 2-3 (record citations omitted).

The matter was scheduled for a summary trial on March 26, 2024. On March 21, 2024, Appellant filed a document he entitled "Writ of Discovery, Plaintiff's Requirement for Production of Documents, Electronically Stored Information, Things and Interrogatories to Defendant" (Writ of Discovery). Therein, Appellant demanded, *inter alia*, "any and all documentation[,]

unredacted[,] from [the Commonwealth] …, regarding [Appellant.]"  Writ of Discovery, 3/21/24, at 5.

On March 26, 2024, following a summary trial, the magistrate court convicted Appellant of the traffic offenses and imposed fines.[3]  Appellant filed a timely appeal in the trial court, pursuant to Pa.R.Crim.P. 460 (detailing the procedure for appealing a summary conviction).  On May 29, 2024, Appellant filed a discovery request nearly identical to his March 21, 2024, Writ of Discovery.  The Commonwealth did not respond to Appellant's discovery request.

The matter proceeded to a trial *de novo* on August 15, 2024.  Trooper Marderness testified consistent with the trial court's factual summary, detailed above.  Pertinently, Appellant lodged numerous objections, each of which the trial court overruled.  Appellant, who identified himself as "Miguel Joaquin Bey, express trust beneficial owner[,] first lienholder of Miguel Pascual," repeatedly argued that the matter could not proceed because he had not been provided discovery.  N.T., 8/15/24, at 3, 7, 8, 11, 12.[4]  In response to Appellant's first

_____

[3] The March 26, 2024, summary trial was not transcribed, and the record does not disclose whether the magistrate court addressed Appellant's discovery request.

[4] Appellant additionally objected when Trooper Marderness identified Appellant for the record, stating, "Statement of counsel in their briefs and argument, while enlightening to the [c]ourt, are insufficient and ask [*sic*] for a granting [*sic*] motion to dismiss or summary judg[]ment."  N.T., 8/15/24, at 5.

discovery objection, the assistant district attorney (ADA) responded that "the commentary to Rule 573 of the Pennsylvania Rules of Criminal Procedure indicates that the discovery rules only apply to court cases that will be misdemeanors or felonies." *Id.* at 7. The trial court overruled Appellant's objection. *Id.*[5]

Despite the trial court's evidentiary ruling, Appellant continued to complain of the Commonwealth's purported discovery violations, including the following, relevant exchange that formed the basis of Appellant's contempt conviction:

> THE COURT:      [Appellant], this is your opportunity to ask questions of [Trooper Marderness].
>
> [Appellant]:      I am not prepared. I am not prepared because I haven't been given discovery. And, again, Article 1, Section 9[ of the Pennsylvania Constitution], which, Your Honor, you took an oath to uphold [*sic*].
>
> THE COURT:      Sir.
>
> [Appellant]:      To demand the design and cause of the accusations against him [*sic*]. And I submitted a discovery request, Your Honor. And I have yet to receive any answer to my discovery request. So I don't see how this court in its legal -- in its lawful capacity, can proceed to breach my unalienable rights protected by this Commonwealth's Constitution. It is clearly

_____

[5] After the trial court overruled Appellant's discovery objection a second time, Appellant made a nearly inaudible statement that the court reporter was unable to transcribe. *See* N.T., 8/15/24, at 8. The trial court asked Appellant to repeat his statement, and Appellant stated, "My discovery due process is being violated." *Id.* The trial court asked the ADA to confirm whether that is what Appellant said, and the ADA stated, "That is not what I heard, Your Honor, but enough of it was mumbled that I don't want to make a representation to the [c]ourt." *Id.*

depicted in Article 1[,] Section 9. I have the right. No statutes, no codes, no ordinances that are repugnant on [*sic*] the Constitution can stand there. They are now null and void.

THE COURT: Okay. That means you don't have any questions. Trooper[ Mardnerness], you may step down.

[Appellant]: How do I ask questions, Your Honor, if I am not prepared because I haven't been given discovery?

….

THE COURT: [ADA], anything additional?

[ADA]: Commonwealth rests, Your Honor.

[Appellant]: Objection.

THE COURT: What is the basis of your objection?

[Appellant]: We are undergoing a discovery due process violation.

THE COURT: All right. I ruled on that.

[Appellant]: Now I take exceptions[,] and I'd like to offer proof of error.

THE COURT: It's your opportunity to testify if you'd like.

[Appellant]: I'd like to offer proof of error and take exception to your objections.

THE COURT: Noted.

[Appellant]: No. Sustained or overruled, ma'am?

THE COURT: Would you like to testify right now?

[Appellant]: Sustained or overruled, ma'am[?]

THE COURT: Would you like to testify?

[Appellant]: I can't testify because I am not prepared to testify because I haven't been given discovery.

THE COURT: Okay. Do you have any evidence for me?

[Appellant]: I would like to respectfully ask and demand that you recuse yourself from violating your constitutional oath of office.

THE COURT: That's --

[Appellant]: You are sitting on the bench acting in the color of the law and you're stepping on my rights. Let the record reflect that I have yet to be given discovery[,] and you're violating my discovery due process.

THE COURT: I heard your arguments. [ADA], what would you like to tell me about the case in closing?

[ADA]: Your Honor, I would like to tell you that [Appellant] drove on a highway or traffic[]way --

[Appellant]: Objection.

THE COURT: This is the last time I am telling you. Do not interrupt [ADA].

[Appellant]: Objection. Statement of counsel in briefs and argument, while enlightening to the court, are not sufficient for purpose of granting a motion to dismiss or summary judgment.

THE COURT: [Appellant].

[Appellant]: Ask for a granting --

THE COURT: All right. Deputy, put him in handcuffs.

[Appellant]: Are you trying to raise an army against me? I am on American soil. Are you raising an army against me on American soil?

*Id.* at 15-18 (some capitalization modified).

After a brief recess, the trial court found that Appellant's conduct throughout the trial *de novo* was designed to obstruct the proceedings. ***Id.*** at 19. The trial court deferred its ruling on contempt sanctions until the conclusion of the trial. ***Id.*** at 21.

Following closing arguments, the trial court convicted Appellant of the traffic offenses, reinstated the fines originally imposed by the magistrate court, and ordered no further sanction for Appellant's contempt conviction. ***Id.*** at 23. Appellant filed a timely notice of appeal and court-ordered Pa.R.A.P. 1925 concise statement. The trial court has also complied with Rule 1925.

Appellant raises the following six issues:

1. **Failure to Respond to Discovery Requests**
Whether the [Commonwealth's] failure to respond to Appellant's discovery requests violated Article I, Sections 9 and 11 of the [] Pennsylvania Constitution and Pa.R.Crim.P. 573, depriving Appellant of access to material, exculpatory, and impeachment evidence necessary to understand the nature and cause of accusations, prepare an adequate defense, and obtain justice without denial or delay[?]

2. **Prosecution's Failure to Disclose Evidence**
Whether the [Commonwealth's] failure to disclose material, exculpatory, and impeachment evidence violated Article I, Sections 9 and 11 of the [] Pennsylvania Constitution and ***Brady v. Maryland***, 373 U.S. 83 (1963), denying Appellant due process, remedy by due course of law, and resulting in a fundamentally unfair trial[?]

3. **Admission of Undisclosed Evidence**
Whether the trial court's admission of evidence not disclosed during discovery violated Article I, Sections 9 and 11 of the [] Pennsylvania Constitution and Pa.R.Crim.P. 573, prejudicing Appellant and undermining the fairness of the proceedings by denying justice and procedural remedies[?]

4. **Prosecutorial Misconduct**
Whether the [Commonwealth] engaged in misconduct by misrepresenting discovery obligations, providing unsworn statements as evidence, and leading witnesses, … thereby denying Appellant the right to a fair trial and remedy by due course of law[?]

5. **Judicial Bias and Misuse of Contempt Powers**
Whether the trial court demonstrated judicial bias and abused its contempt powers, in violation of Article I, Section 11 of the [] Pennsylvania Constitution, by silencing Appellant's valid constitutional objections, thereby depriving Appellant of the right to be heard, justice without sale or denial, and an impartial tribunal[?]

6. **Systemic Implications of Misconduct**
Whether the cumulative effect of judicial and prosecutorial misconduct—including discovery violations, improper evidentiary rulings, and bias—violated Article I, Sections 9 and 11 of the [] Pennsylvania Constitution, demonstrating systemic issues requiring appellate intervention to safeguard constitutional rights and uphold public confidence in the justice system[?]

Appellant's Brief at 6 (issues reordered; some formatting modified).

Preliminarily, we note that Appellant's brief fails to comply with Pa.R.A.P. 2119's requirement that the "argument section shall be divided into as many parts as there are questions to be argued[.]" Pa.R.A.P. 2119(a). Although Appellant's argument is divided into six primary sections, these sections seldom correspond to the claims presented in his statement of questions involved. *See*, *e.g.*, Appellant's Brief at 10 (wherein Appellant broadly entitles his first claim "Constitutional Violations"); *id.* at 12 (Appellant entitling his second claim "Procedural Violations…"); *id.* at 19 (Appellant entitling his sixth claim "Jurisdictional Impact"). Further, each section of Appellant's argument consists of numerous subsections, which are repetitive,

duplicative of subsections contained under the headings of other issues, and lack coherent structure.

We observe that

> when issues are not properly raised and developed in briefs, when the briefs are wholly inadequate to present specific issues for review, a court will not consider the merits thereof. Although this Court is willing to construe liberally materials filed by a *pro se* litigant, a *pro se* appellant enjoys no special benefit. Any layperson choosing to represent himself in a legal proceeding must, to some reasonable extent, assume the risk that his lack of expertise and legal training will prove his undoing.

***Commonwealth v. Westlake***, 295 A.3d 1281, 1286 n.8 (Pa. Super. 2023) (citations, quotation marks, and brackets omitted). "Briefs … shall conform in all material respects with the requirements of" the Pennsylvania Rules of Appellate Procedure "as nearly as the circumstances of the particular case will admit." Pa.R.A.P. 2101. If the defects in an appellant's brief "are substantial, the appeal … may be quashed or dismissed." ***Id.***

Nevertheless, as the trial court addressed Appellant's issues in its Rule 1925(a) opinion, and because we are able to glean the substance of Appellant's issues from his brief, we decline to quash Appellant's appeal, and address the merits of Appellant's claims.

We consider Appellant's first two issues together, as they are related. In both issues, Appellant faults the trial court for overruling his objections seeking dismissal of his charges based on the Commonwealth's alleged discovery violations. Appellant's Brief at 10-13. Appellant argues that the "trial court failed to address the [Commonwealth's] discovery violations and

refused to compel compliance. The [trial] court's inaction left Appellant without access to critical evidence necessary for a fair defense." *Id.* at 11. Citing *Brady*, *supra*, Appellant contends:

The [Commonwealth's] failure to disclose [Appellant's certified driver history] during discovery, combined with its reliance on unsworn statements, exemplifies [the Commonwealth's due process] violation. These actions deprived Appellant of the opportunity to verify evidence accuracy, challenge its admissibility, or present mitigating arguments, irreparably prejudicing the defense.

*Id.* at 12.

The Commonwealth responds that Pa.R.Crim.P. 573 (Pretrial Discovery and Inspection) does not apply to summary cases. Commonwealth Brief at 9. The Commonwealth further argues that Appellant

has not identified any exculpatory or impeachment information which should have been disclosed prior to the commencement of the trial *de novo*. The only evidence of [Appellant's] guilt that was admitted at that proceeding was the testimony of Trooper Marderness and a copy of [Appellant's certified driver history], neither of which contained exculpatory or impeachment information. Additionally, all the information contained within the certified driver history … is already within [Appellant's] personal knowledge, and thus no new information could have been disclosed. Notably, while [Appellant] now has possession of []his certified driver history … he fails to make any argument that information contained therein is exculpatory or impeaching.

*Id.*

Our standard of review is well settled:

The resolution of issues regarding pre-trial discovery in criminal cases is entrusted to the trial court's discretion and will be upheld absent an abuse of that discretion. Discretion is abused when the trial court misapplies the law, or where its judgment is manifestly unreasonable or the result of partiality, prejudice, bias or ill-will.

- 10 -

*Commonwealth v. Holt*, 273 A.3d 514, 548 (Pa. 2022) (citations omitted).

In *Brady*, the United States Supreme Court held "that the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Brady*, 373 U.S. at 1196-97. In order to establish a *Brady* violation, an appellant must prove: 1) "the evidence was favorable to the accused, either because it is exculpatory or because it impeaches"; 2) "the evidence was suppressed by the prosecution, either willfully or inadvertently"; and 3) "prejudice ensued." *Commonwealth v. Conforti*, 303 A.3d 715, 726 (Pa. 2023) (citation omitted).

In order to qualify as *Brady* material subject to mandatory disclosure by the Commonwealth, an appellant is "required to identify and explain the actual evidence at issue." *Commonwealth v. Santos*, 176 A.3d 877, 884 (Pa. Super. 2017) (citation omitted). Further, "*Brady* is not violated when the appellant knew or, with reasonable diligence, could have uncovered the evidence in question, or when the evidence was available to the defense from other sources." *Commonwealth v. Roney*, 79 A.3d 595, 608 (Pa. 2013) (citations omitted).

Rule of Criminal Procedure 573 was "promulgated in response to the dictates of *Brady*." *Commonwealth v. Melvin*, 103 A.3d 1, 32 (Pa. Super. 2014) (citation omitted). Rule 573 provides, in pertinent part, as follows:

**(B) Disclosure by the Commonwealth.**

**(1) *Mandatory*.  In all court cases**, on request by the defendant, and subject to any protective order which the Commonwealth might obtain under this rule, the Commonwealth shall disclose to the defendant's attorney all of the following requested items or information, provided they are material to the instant case.  The Commonwealth shall, when applicable, permit the defendant's attorney to inspect and copy or photograph such items.

> **(a)** Any evidence favorable to the accused that is material either to guilt or to punishment, and is within the possession or control of the attorney for the Commonwealth;
>
> **(b)** any written confession or inculpatory statement, or the substance of any oral confession or inculpatory statement, and the identity of the person to whom the confession or inculpatory statement was made that is in the possession or control of the attorney for the Commonwealth;
>
> **(c)** the defendant's prior criminal record;
>
> **(d)** the circumstances and results of any identification of the defendant by voice, photograph, or in-person identification;
>
> **(e)** any results or reports of scientific tests, expert opinions, and written or recorded reports of polygraph examinations or other physical or mental examinations of the defendant that are within the possession or control of the attorney for the Commonwealth;
>
> **(f)** any tangible objects, including documents, photographs, fingerprints, or other tangible evidence; and
>
> **(g)** the transcripts and recordings of any electronic surveillance, and the authority by which the said transcripts and recordings were obtained.

Pa.R.Crim.P. 573(B) (emphasis added).

Significantly, the comment to Rule 573 explains that, with the exception of ***Brady*** material, "[t]his rule is intended to apply only to court cases."

Pa.R.Crim.P. 573, cmt.; *see also* Pa.R.Crim.P. 103 (defining a "court case" as "a case in which one or more of the offenses charged is a misdemeanor, felony, or murder of the first, second, or third degree."). We have observed, specifically in relation to Rule 573's comment, that "'Comments' to the Rules of Criminal Procedure are not part of the rules; however, this Court is entitled to treat the 'Comments' as effective aids and to consider them when interpreting the meaning of a particular Rule and any amendments thereto." *Commonwealth v. Lutes*, 793 A.2d 949, 959 n.4 (Pa. Super. 2002); *see also id.* at 960 (relying on Rule 573's comment, and concluding that "[s]ince summary cases are not 'court cases,' pretrial discovery" rules did not apply to a defendant charged with summary offenses, where *Brady* material was not implicated).

Instantly, the trial court rejected Appellant's first two issues, determining that Appellant 1) was not entitled to pretrial discovery pursuant to Rule 573; and 2) failed to establish that the Commonwealth committed a *Brady* violation. Trial Court Opinion, 11/26/24, at 4-5. We agree.

As detailed above, Rule 573 does not entitle defendants charged with summary offenses to pretrial discovery. *See* Pa.R.Crim.P. 573, cmt.[6]

---

[6] Even if Rule 573 applied to summary cases, we observe that Appellant failed to comply with its dictates. The record discloses that Appellant did not informally inquire with the Commonwealth concerning his discovery request, or thereafter "make appropriate motion" "set[ting] forth the fact that a good faith effort to discuss the requested material ha[d] taken place and proved unsuccessful." Pa.R.Crim.P. 573(A).

- 13 -

Therefore, the trial court had no authority to order the Commonwealth to provide discovery in Appellant's summary case under Rule 573. **Id.**

Further, concerning his claim that the Commonwealth withheld **Brady** material, Appellant failed to identify, either at his trial *de novo* or in his brief, any exculpatory evidence material to his guilt or punishment, the withholding of which prejudiced him. **See Conforti**, 303 A.3d at 726. The only evidence Appellant specifically identifies in his brief is his certified driver history, which Appellant could have readily obtained with reasonable diligence. **See Roney**, 79 A.3d at 608. Accordingly, the trial court did not abuse its discretion by denying Appellant's request for discovery. **See Holt**, 273 A.3d at 548. Appellant's first two issues are meritless.

We consider Appellant's third and fourth issues together, as they each concern the admission of evidence. Appellant argues that 1) the trial court improperly admitted evidence not disclosed in discovery; 2) the trial court permitted the admission of "unsworn statements"[7] into evidence; and 3) the Commonwealth "misrepresented its discovery obligations[,]" presumably inducing the trial court to admit improper evidence. **See** Appellant's Brief at 9, 14-16.[8]

---

[7] Appellant does not identify in his brief the "unsworn statements" upon which the trial court purportedly relied.

[8] Although Appellant included, in his statement of questions involved, a claim that the ADA asked leading questions of Trooper Marderness, the argument
*(Footnote Continued Next Page)*

Our standard of review is well settled:

> [E]videntiary rulings are within the sound discretion of the trial courts. Accordingly, when a party adverse to a trial court's evidentiary ruling seeks appellate review of that determination, that party carries a heavy burden to demonstrate that the trial court abused its discretion. An appellant cannot meet this burden by simply persuading an appellate court that it may have reached a different conclusion than that reached by the trial court; rather, to overcome this heavy burden, the appellant must demonstrate that the trial court actually abused its discretionary power.

**Commonwealth v. DiStefano**, 265 A.3d 290, 297 (Pa. 2021) (citations and quotation marks omitted).

As set forth above, Appellant had no right to pretrial discovery pursuant to Rule 573, and Appellant failed to establish that the Commonwealth withheld **Brady** material. Consequently, Appellant's claims that the trial court improperly considered evidence that was not disclosed during discovery, and that the Commonwealth misrepresented its discovery obligations are meritless. Further, Appellant's claim that the trial court improperly relied on "unsworn statements" is unsupported by the record and baseless.

---

section of Appellant's brief makes no mention of allegedly leading questions. Accordingly, this issue is waived. **See Commonwealth v. Taylor**, 277 A.3d 577, 590 (Pa. Super. 2022) ("[T]he failure to develop an adequate argument in an appellate brief may result in waiver of the claim[.]" (citing Pa.R.A.P. 2119)). Further, the record discloses that none of Appellant's numerous objections were to the form of any question asked by the ADA. Therefore, to the extent Appellant attempts to challenge the trial court's failure to sustain an objection based on the form of a question, this claim is likewise waived. **See Commonwealth v. Smith**, 213 A.3d 307, 309 (Pa. Super. 2019) ("[F]ailure to offer a timely and specific objection results in waiver of the claim[.]" (citation and quotation marks omitted)).

Accordingly, the trial court did not abuse its discretion by considering the evidence presented at the summary appeal hearing. *See DiStefano*, 265 A.3d at 297. Appellant's third and fourth issues are meritless.

In his fifth issue, Appellant argues the trial court 1) exhibited judicial bias by overruling his objections and refusing to direct the Commonwealth to provide pretrial discovery; and 2) "silenced Appellant's valid constitutional objections through improper use of contempt powers." Appellant's Brief at 12, 13. Appellant argues that, due to the trial court's alleged bias, he is entitled to "dismissal of all charges with prejudice or, alternatively, reversal of the conviction and remand for a new trial before an impartial tribunal, with suppression of all improperly admitted evidence." *Id.* at 9.

> The Commonwealth responds that Appellant
>
> fails to demonstrate that the trial court exhibited any bias at all at trial, let alone that which would be sufficient to warrant recusal. [Appellant] identifies instances which[,] he alleges[,] demonstrated bias of the [trial] court, including the failure to order the disclosure of discovery to which he was not entitled …. A review of the record … reveals [that] when [Appellant's] continued complaints regarding the alleged discovery violation were overruled, [Appellant] began speaking over the trial court and the [ADA] during closing arguments, preventing the proceedings from continuing. … It was these actions that caused the trial court to take the additional measure of [having Appellant] handcuff[ed] and [convicting] him [of] direct criminal contempt. Thus[,] while [Appellant] argues that [the] trial court was biased, the record reflects that the evidence was properly admitted and [Appellant's] own obstreperous conduct caused the trial court to take action to maintain the decorum of the courtroom.

Commonwealth Brief at 12-13 (record citations omitted).

Our standard of review for a denial of recusal is well settled:

- 16 -

Our Supreme Court presumes judges of this Commonwealth are "honorable, fair and competent," and, when confronted with a recusal demand, have the ability to determine whether they can rule impartially and without prejudice. *Commonwealth v. White*, 734 A.2d 374, 384 (Pa. 1999). The party who asserts a trial judge must be disqualified bears the burden of producing evidence establishing bias, prejudice, or unfairness necessitating recusal, and the "decision by a judge against whom a plea of prejudice is made will not be disturbed except for an abuse of discretion." *Commonwealth v. Darush*, 459 A.2d 727, 731 (Pa. 1983).

*Commonwealth v. Kearney*, 92 A.3d 51, 60 (Pa. Super. 2014) (brackets and some citations omitted; citations modified).

Significantly, we have observed that

[o]pinions formed by the judge on the basis of … events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible.

*Id.* at 61 (citation omitted).

"[E]vidence of the trial judge's efforts to maintain orderly proceedings in the courtroom, in the face of [a defendant's] acknowledged intransigence and impertinence, falls far short of proof of bias …." *Id.* at 62. "[S]imply **because a judge rules against a defendant does not establish any bias on the part of the judge against that defendant**." *Commonwealth v. Travaglia*, 661 A.2d 352, 367 (Pa. 1995) (emphasis added). Further, "[w]hen reviewing a contempt conviction, this Court places great reliance on the trial court's discretion. Each court is the exclusive judge of contempts against its process, and the court's actions will be reversed on appeal only

- 17 -

when a plain abuse of discretion occurs." ***Commonwealth v. Jones***, 700 A.2d 1008, 1011 (Pa. Super. 1997) (citation and quotation marks omitted).

"Direct criminal contempt consists of misconduct in the presence of the court or misconduct so near thereto as to interfere with the immediate business of the court[,] or disobedience to the lawful process of the court." ***Commonwealth v. Outlaw***, 306 A.3d 406, 409 (Pa. Super. 2023) (citation omitted). "A conviction for direct criminal contempt under Section 4132(3) requires "proof beyond reasonable doubt (1) of misconduct, (2) in the presence of the court, (3) committed with the intent to obstruct the proceedings, (4) that obstructs the administration of justice." ***Id.*** "To obstruct justice, conduct must significantly disrupt judicial proceedings ... [C]ontempt requires actual, imminent prejudice to a fair proceeding **or prejudice to the preservation of the court's orderly procedure and authority**." ***Commonwealth v. Williams***, 753 A.2d 856, 863 (Pa. Super. 2000) (citation omitted; emphasis in original).

Instantly, the trial court rejected Appellant's claim of judicial bias, and explained as follows concerning its decision to hold Appellant in contempt of court:

> Appellant continually disrupted courtroom proceedings from the moment the case was called. [] Appellant raised eight (8) objections, all of which were overruled. Appellant first objected to the Commonwealth[] witness's identification of Appellant and [moved] to dismiss the case or to receive summary judgment. N.T., 8/15/24, at 5. The [trial c]ourt ruled that it was an improper objection. ***Id.*** In his next five (5) objections, Appellant repeatedly said the [trial c]ourt committed a discovery due

- 18 -

process violation and [that Appellant] could not proceed because the Commonwealth failed to provide discovery. *Id.* at 6, 7, 11, 16. The [trial c]ourt overruled each objection, ruling that Appellant did not have a right to discovery. Appellant then inaudibly mumbled something allegedly inappropriate under his breath and refused to repeat it for the [trial c]ourt. *Id.* at 8.

….

… Appellant refused to follow instructions and obstructed the proceedings. Appellant's remarks were more than just a passing comment. [Appellant] deliberately spoke over the [ADA] and the [trial c]ourt with complete disregard. Appellant refused to accept the [trial c]ourt's rulings to his objections and continued to interrupt. Appellant demonstrated disrespect for the [trial c]ourt and engaged in "a clear effort … to brazenly demonstrate his repudiation of the [c]ourt's[] ruling and authority." *Williams*, 753 A.2d at 863.

Trial Court Opinion, 11/26/24, at 8-9 (citations modified).

The trial court's factual findings are supported by the record, and its legal conclusion is sound. *See Kearney*, 92 A.3d at 60; *Jones*, 700 A.2d at 1011. The trial court's refusal to sustain Appellant's groundless objections does not evidence judicial bias or any deprivation of Appellant's right to due process. *See Travaglia*, 661 A.2d at 367.

Our review of the record discloses that the trial court patiently entertained, and then rejected, Appellant's arguments throughout the underlying proceedings, until Appellant's conduct effectively obstructed the trial. *Outlaw*, 306 A.3d at 409. On several occasions during the trial, Appellant evidenced his intent to obstruct the proceedings by talking over the ADA and trial court, and by specifically stating that the matter **could not proceed** due to alleged discovery violations. *See* N.T., 8/15/24, at 7

- 19 -

(Appellant stating, "We can't proceed. There is no discovery."); *id.* at 16 (Appellant stating, "I don't see how this [c]ourt … can proceed to breach my unalienable rights protected by this Commonwealth's Constitution."); *id.* (Appellant stating, "How can I ask questions, Your Honor, if I am not prepared because I haven't been given discovery?"); *id.* at 17 (Appellant stating, "I can't testify because I am not prepared to testify because I have not been given discovery.").

As Appellant has failed to establish either judicial bias or the improper use of contempt powers, we discern no abuse of the trial court's discretion in refusing to recuse from Appellant's case or its imposition of contempt sanctions. *See Kearney*, 92 A.3d at 60; *Jones*, 700 A.2d at 1011. Appellant's fifth issue entitles him to no relief.

In his final issue, Appellant "requests the dismissal of all charges with prejudice. This remedy is necessary due to the cumulative impact of constitutional and procedural violations that irreparably prejudiced Appellant's right to a fair trial[.]" Appellant's Brief at 21.

Appellant did not include this issue in his court-ordered Rule 1925(b) concise statement; consequently, this issue is waived. *See Commonwealth v. Bonnett*, 239 A.3d 1096, 1106 (Pa. Super. 2020) ("[A]ny issue not raised

in a Rule 1925(b) statement will be deemed waived for appellate review."

(citing **Commonwealth v. Lord**, 719 A.2d 306, 309 (Pa. 1998)).[9]

Judgment of sentence affirmed.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

Date: 05/20/2025

---

[9] Even if preserved, this issue would entitle Appellant to no relief, as we have already concluded Appellant's rights were not violated.