J-A06016-23

2023 PA Super 94

COMMONWEALTH OF PENNSYLVANIA  :  IN THE SUPERIOR COURT OF
  :  PENNSYLVANIA
  :
      v.  :
  :
  :
  :
CHRISTOPHER SEAN WESTLAKE  :
  :
     Appellant  :  No. 361 WDA 2022

Appeal from the Judgment of Sentence Entered March 24, 2022
In the Court of Common Pleas of Armstrong County Criminal Division at
No(s): CP-03-CR-0000332-2019

BEFORE:  OLSON, J., NICHOLS, J., and PELLEGRINI, J.[*]

OPINION BY NICHOLS, J.:        **FILED: MAY 31, 2023**

Appellant Christopher Sean Westlake appeals *pro se* from the judgment of sentence entered after a jury convicted him of two counts of driving under the influence of a controlled substance (DUI).[1]  On appeal, Appellant contends that the trial court erred in denying his second omnibus motion as untimely.  After review, we affirm Appellant's convictions, vacate the judgment of sentence, and remand for resentencing.

The trial court summarized the relevant facts and procedural history of this matter as follows:

> [The] charges stem from an incident that occurred on April 3, 2018.  On that date, [Appellant] was stopped by the Pennsylvania

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] **See** 75 Pa.C.S. § 3802(d)(1)(ii) and (iii).  In a separate bench trial at this docket, Appellant was also convicted of the summary offense of driving an unregistered vehicle in violation of 75 Pa.C.S. § 1301(a).

State Police ("PSP") while driving his vehicle in North Buffalo Township, Armstrong County. The traffic stop was recorded by the mobile video recording ("MVR") system used by the PSP. Based on the PSP's observations and investigation during and after the traffic stop, [Appellant] was charged by criminal complaint filed November 12, 2018, with DUI and driving related charges. All charges were held over to [the trial c]ourt, and a criminal information was filed on May 2, 2019.

[Appellant], by counsel, filed an omnibus pretrial motion to dismiss on November 12, 2019, in which he argued that all charges should be dismissed due to the PSP's alleged destruction of, or failure to produce to him, a working copy of the downloaded MVR video recorded at the scene of the traffic stop. After multiple continuances, the [trial c]ourt held a hearing on the motion on August 17, 2020. The [trial c]ourt thereafter denied [Appellant's] motion by order entered on October 19, 2020. In the accompanying memorandum, [the trial c]ourt concluded that the MVR video was not exculpatory and was only potentially useful given that [Appellant] had not challenged any aspects of the underlying traffic stop. *See* [Trial Ct. Mem.], 10/19/20, at 5-6 &

n.6.[2]  The [trial c]ourt further concluded that the Commonwealth had not acted in bad faith.[3]

[Appellant's] counsel withdrew his appearance, at [Appellant's] request and with [the trial c]ourt's approval,[4] on November 20, 2020.  On February 22, 2021, [Appellant] submitted to the Commonwealth a *pro se* request for additional discovery, in which he again requested access to the MVR video and other materials.  On March 25, 2021, [Appellant] filed a *pro se* motion to compel outstanding discovery seeking the same items.  On May 21, 2021, after hearing, the [trial c]ourt granted [Appellant's] motion, in part, but only to the extent that the requested materials had not already been provided to [Appellant] or his prior counsel.

On July 26, 2021, [Appellant] filed *pro se* a motion to dismiss for prosecutorial misconduct, in which he argued once again that the Commonwealth had not produced to him certain outstanding discovery.  After hearing on August 5, 2021, the [trial c]ourt

_____

[2] The footnote to the trial court's October 19, 2020 memorandum addressing Appellant's first omnibus motion states as follows:

Although the [trial c]ourt has addressed the issue of whether the MVR video would be exculpatory, [Appellant] nowhere in his omnibus motion argues that it **is** exculpatory.  He makes this argument only in his brief.  Moreover, the MVR video would be relevant and potentially useful **if** the issues of the validity of the traffic stop of [Appellant's] vehicle, [Appellant's] continued detention after the initial stop, or his subsequent arrest were raised in an omnibus pre-trial motion.  At no time has [Appellant] raised any of these issues despite the fact that this case has been pending in this [c]ourt for approximately 18 months.

Trial Ct. Mem., 10/19/20, at 6, n.6 (emphases in original).

[3] The record reflects that Trooper Randy Orlic, a PSP MVR custodian, testified that the reason the MVR video was unavailable was it was no longer on the police server, and the PSP could not make a copy of the MVR video because there was an error with the disk upon which the video was copied.  *See* N.T., 8/17/20, at 44-45.  Trooper Orlic testified that neither he nor anyone from the District Attorney's office could get the MVR video to play.  *See id.* at 46.

[4] The trial court granted counsel's motion to withdraw.  *See* Order, 11/20/20.

granted the motion in part and ordered the Commonwealth to provide [Appellant] with certain requested items, including access to the MVR video. [Appellant] then filed the subject omnibus pretrial motion, his second, on October 28, 2021. In the motion, [Appellant] challenged the duration of the traffic stop, the PSP troopers' justification for continuing the stop after the purpose for the initial stop had concluded, the probable cause supporting [Appellant's] arrest, and the validity of the drug recognition expert ("DRE") evaluation conducted after the stop at the PSP barracks.

On November 4, 2021, after argument on the record, the [trial c]ourt denied the motion based on 1) its untimeliness, 2) the Commonwealth's prior provision of discovery, and 3) [Appellant's] ability to raise the same issues either in previous motions or at trial. *See* Order, 11/4/21; N.T., 11/4/21, 3:13 -21:13.

Trial Ct. Op., 4/25/22, at 2-4.

Prior to jury selection, and almost one year after the trial court granted Appellant's counsel's motion to withdraw in 2020, the trial court held a *Grazier* hearing.[5] At that time, the trial court conducted an on-the-record colloquy and determined that Appellant was knowingly, voluntarily, and intelligently waiving his right to counsel. *See* N.T., 11/8/21, at 6. The case proceeded to a jury trial on November 12, 2021, and Appellant was ultimately found guilty of two counts of DUI. Following a separate bench trial, Appellant was convicted of the summary offense of driving an unregistered vehicle. On March 24, 2022, the trial court sentenced Appellant on the first DUI count, 75 Pa.C.S. § 3802(d)(1)(ii) (DUI-schedule II or III controlled substance), to a term of ninety days to thirty-six months of incarceration, with fifty-three days

_____

[5] *See Commonwealth v. Grazier*, 713 A.2d 81 (Pa. 1998) (explaining the procedure necessary to determine, on the record, that a defendant is knowingly, intelligently, and voluntarily, waiving the right to counsel).

to be spent in total confinement and thirty-seven days served on house arrest. Sentencing Order, 3/24/22. On the second count of DUI, 75 Pa.C.S. § 3802(d)(1)(iii) (DUI-metabolite of schedule I, II, or III), the trial court imposed a sentence of no further penalty. **Id.**[6] Appellant filed a timely notice of appeal, and both the trial court and Appellant complied with Pa.R.A.P. 1925.[7]

---

[6] On the summary offense of driving an unregistered vehicle the trial court imposed a penalty of fines and costs. **See** Trial Ct. Op., 4/25/22, at 1.

[7] As stated, on November 8, 2021, the trial court held a hearing and addressed the requirements for waiving counsel pursuant to **Grazier** and Pa.R.Crim.P. 121(A)(2). Specifically, the trial court informed Appellant of his right to counsel, the nature of the charges, the possible penalties, that Appellant would be bound by court rules and rules of procedure, and that certain rights and defenses available to Appellant could be waived if not properly raised. **See** N.T., 11/8/21, at 3-6. Appellant responded that he understood his rights and what he was waiving by representing himself, and Appellant affirmatively stated that he wanted to waive his right to counsel and proceed *pro se*. **See id.** at 5-6. Appellant also executed a written waiver-of-counsel colloquy that same day. **See** Written Waiver Colloquy, 11/8/21, at 1-3. Although there was a delay between Appellant's trial counsel withdrawing in November of 2020 and the **Grazier** hearing in 2021, Appellant confirmed that he understood his rights and what he was waiving by proceeding *pro se*. **See** N.T., 11/8/21, at 5-6. Further, after Appellant filed his notice of appeal, this Court directed the trial court to conduct a second **Grazier** hearing to determine whether Appellant was knowingly, willingly, and voluntarily waiving his right to counsel on appeal. **See** Order, 361 WDA 2022, 6/10/22. On July 7, 2022, this Court received the trial court's response to our June 10, 2022 order. In the response, the trial court stated that it conducted a second **Grazier** hearing, and on July 5, 2022, it entered an order finding that Appellant knowingly, voluntarily, and intelligently waived his right to counsel and opted to represent himself on appeal. **See** Trial Ct. Resp. to Order, 7/7/22; Trial Ct. Order, 7/5/22. Although the reason for the delay in the initial **Grazier** hearing is not clear, the record clearly reflects that Appellant, on two occasions, knowingly, voluntarily, and intelligently waived his right to counsel and exercised his right to represent himself. **See** N.T., 11/8/21, at 5-6; Trial Ct. Order, 7/5/22.

On appeal, Appellant presents the following issues:

1. Whether the trial court erred in it's [sic] finding of fact, not supported by the court record, that the Commonwealth had not withheld any of the newly discovered evidence, causing it's [sic] delayed discovery?

2. Whether the trial court erred in denying [Appellant] a hearing on his motion to suppress for the reason that the issues in his motion were previously raised in his pretrial spoliation motion on November 12th, 2019?

3. Did the trial court abuse it's [sic] discretion in denying an evidentiary hearing on the suppression motion by disregarding the potential significance of the previously unknown and unavailable MVR contents and/or the recently provided Drug Recognition Expert (DRE) report?

4. Did the trial court violate [Appellant's] due process rights pursuant to the Pa.R.Cr[im.P.] 579(A) "exception"[] when it denied [Appellant] a hearing on his omnibus pretrial motion to suppress evidence as untimely?

Appellant's Brief at 5-6 (some formatting altered).

## Suppression

Appellant's issues are interrelated and challenge the trial court's order denying Appellant's second omnibus motion as untimely; therefore, we address them concurrently.[8]

---

[8] The argument section of Appellant's brief is comprised of multiple assertions of error and unreasonableness by the trial court without citation to relevant legal authority. **See** Appellant's Brief at 22-33. We are cognizant that Appellant is *pro se*, however, "[t]his Court will not act as counsel and will not develop arguments on behalf of an appellant." **Commonwealth v. Hardy**, 918 A.2d 766, 771 (Pa. Super. 2007) (citation omitted). "[I]t is an appellant's duty to present arguments that are sufficiently developed for our review. The brief must support the claims with pertinent discussion, with references to the record and with citations to legal authorities." **Id.** (citations omitted); **see**
*(Footnote Continued Next Page)*

We review the trial court's determination that a suppression motion was untimely for an abuse of discretion. ***Commonwealth v. Micklos***, 672 A.2d 796, 802 (Pa. Super. 1996) (*en banc*).

> A mere error of judgment does not constitute an abuse of discretion. Rather, a trial court abuses its discretion if in reaching a conclusion[,] the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable or the result of partiality, prejudice, bias, or ill-will as shown by the evidence or the record[.]

***Id.*** at 803 (citations omitted and formatting altered).

As a general rule, a motion to suppress evidence must be included in an omnibus pretrial motion. Pa.R.Crim.P. 578, cmt. (3).

> Except as otherwise provided in these rules, the omnibus pretrial motion for relief shall be filed and served within 30 days after arraignment, unless opportunity therefor did not exist, or the defendant or defense attorney, or the attorney for the Commonwealth, was not aware of the grounds for the motion, or unless the time for filing has been extended by the court for cause shown.

Pa.R.Crim.P. 579(A).

---

*also* Pa.R.A.P. 2119(a)-(c). As such, "[w]hen issues are not properly raised and developed in briefs, when the briefs are wholly inadequate to present specific issues for review, a court will not consider the merits thereof." ***Commonwealth v. Sanford***, 445 A.2d 149, 150 (Pa. Super. 1982) (citations omitted). "Although this Court is willing to construe liberally materials filed by a *pro se* litigant, a *pro se* appellant enjoys no special benefit." ***Commonwealth v. Tchirkow***, 160 A.3d 798, 804 (Pa. Super. 2017). "[A]ny layperson choosing to represent [himself] in a legal proceeding must, to some reasonable extent, assume the risk that [his] lack of expertise and legal training will prove [his] undoing." ***Commonwealth v. Rivera***, 685 A.2d 1011, 1013 (Pa. Super. 1996) (citation omitted and some formatting altered).

(A) The defendant's attorney, or the defendant if unrepresented, may make a motion to the court to suppress any evidence alleged to have been obtained in violation of the defendant's rights.

(B) Unless the opportunity did not previously exist, or the interests of justice otherwise require, such motion shall be made only after a case has been returned to court and shall be contained in the omnibus pretrial motion set forth in Rule 578. If timely motion is not made hereunder, the issue of suppression of such evidence shall be deemed to be waived.

* * *

(D) The motion shall state specifically and with particularity the evidence sought to be suppressed, the grounds for suppression, and the facts and events in support thereof.

Pa.R.Crim.P. 581(A)-(B), (D).

If a defendant files an untimely omnibus pretrial motion, the defendant's suppression issue(s) "shall" be deemed waived "[u]nless the opportunity [to raise the issue(s)] did not previously exist" or the court excuses the defendant's tardiness in the "interests of justice[.]" Pa.R.Crim.P. 581(B); **see also** Pa.R.Crim.P. 581, cmt. (explaining that "[i]t should be noted that failure to file the motion within the appropriate time limit constitutes a waiver of the right to suppress"). In determining whether an exception to time bar from Rule 579(A) is in the "interests of justice" pursuant to Rule 581(B), the trial court considers "the length and cause of the delay, the merits of the suppression claim, and the court's ability, considering the complexity of the issues and the availability of the witnesses, to hold the hearing promptly." **Commonwealth v. Brown**, 378 A.2d 1262, 1266 (Pa. Super. 1977) (citation omitted). However, we note that "[c]ourts are reluctant to excuse untimely

- 8 -

motions arguing issues that the defendant could have timely raised by the original due date." **Commonwealth v. Ealy**, 1614 MDA 2021, 2022 WL 15596055, at *5 (Pa. Super. filed Oct. 28, 2022) (unpublished mem.)[9] (citing **Commonwealth v. Johonoson**, 844 A.2d 556, 561 (Pa. Super. 2004) (finding that the trial court properly denied a defendant's supplemental suppression motion as untimely where the defendant knew the facts and circumstances surrounding the traffic stop at the time of his original suppression motion but limited the original motion to a different issue), *disapproved on other grounds by* **Commonwealth v. Livingstone**, 174 A.3d 609 (Pa. 2017)).

Here, the record reflects that on November 4, 2021, the trial court held a hearing on Appellant's second omnibus motion. The trial court noted that Appellant filed his first omnibus motion on November 12, 2019, and Appellant argued that the charges against him should be dismissed because the MVR video was destroyed by the PSP to hinder Appellant's defense. Trial Ct. Op., 4/25/22, at 5; **see also** First Omnibus Mot., 11/12/19, at ¶¶10-18. However, the trial court notes:

> No other grounds for dismissal or suppression were included in the motion, despite the fact that the nature of the stop, the investigation by the troopers on scene, the search of [Appellant's] vehicle, the standard field sobriety tests, and the Drug Recognition Expert (DRE) examination at the PSP barracks all were issues known to [Appellant] at the time.

---

[9] We may cite to unpublished memorandum decisions of this Court filed after May 1, 2019, for their persuasive value. **See** Pa.R.A.P. 126(b).

Trial Ct. Op., 4/25/22, at 5. The trial court concluded that Appellant had access to this information and had actual knowledge of the duration and circumstances surrounding the traffic stop therefore, Appellant could have presented these issues in his first motion. *See id.* The trial court continued:

> Second, the fact that [Appellant] later went to the PSP barracks and was able to get the original MVR video to play does not make the video newly discovered evidence that would provide new grounds to challenge the sufficiency or admissibility of the evidence obtained from the traffic stop. Further, the relevant portions of the MVR video were played at trial, and [Appellant] could and did utilize its contents to attempt to impeach the credibility of the testifying officers.[FN3] He further utilized the DRE report, which had been provided to [Appellant's] prior counsel, to thoroughly cross-examine the officer who performed the evaluation. Thus, to the extent that [Appellant] did not himself have access to either of these pieces of evidence in advance, that fact did not result in any prejudice to him in preparing and presenting a defense at his trial.
>
> > [FN3] The Commonwealth presented evidence that Trooper Small noticed both [Appellant's] slow and slurred speech and his bloodshot eyes and dilated pupils prior to removing him from the vehicle. Although the issue is not now before the [c]ourt, those observations presumably would be sufficient to establish sufficient and reasonable suspicion of DUI to justify an ongoing investigatory detention. *See* N.T., Trial, 11/12/21, at 35-46.

*Id.* at 5-6 (formatting altered).

After review, we discern no error of law or abuse of discretion in the trial court's conclusion. *See Micklos*, 672 A.2d at 802; *see also Ealy*, 2022 WL 15596055, at *5. Appellant filed a counseled first omnibus motion on November 12, 2019, and the record reflects that the only claim in Appellant's first omnibus motion was that the Commonwealth acted in bad faith and that

"the video was purposefully destroyed in an effort to hamper the defense in this case." First Omnibus Mot., 11/12/19, at ¶11. However, Appellant did not raise any concern that the troopers prolonged the traffic stop nor did Appellant even mention the duration of the stop.[10] Additionally, the record shows that prior to trial, the Commonwealth provided Appellant's then-trial counsel with a copy of the MVR video which was not playable, but later Appellant, while *pro se*, obtained a playable copy of the MVR video, such that the video was not withheld nor destroyed as Appellant claims. Trooper Orlic testified that the MVR video was corrupted and unplayable, and that the MVR video was previously unavailable due to technological issues. ***See*** N.T., 8/17/20, at 44-46. Accordingly, Appellant's claim that the Commonwealth withheld and or destroyed the MVR video evidence fails. Moreover, Appellant filed a counseled timely first omnibus motion, which could have included challenges to the legality and duration of the traffic stop but did not do so. On this record, we discern no error of law or abuse of discretion in the trial court's conclusion that Appellant's second omnibus motion was untimely, and no relief is due. ***See Johonoson***, 844 A.2d at 561; ***Micklos***, 672 A.2d at 802; ***see also*** Pa.R.Crim.P. 579, 581.

---

[10] Although Appellant mentions the DRE report in his brief, ***see*** Appellant's Brief at 22-23, he provides no argument concerning its contents, its relevance, nor legal authority to support any claim involving the DRE report and its discovery or use at trial. Appellant's undeveloped argument in this regard results in waiver of the issue. ***See Commonwealth v. Romeo***, 153 A.3d 1084, 1090-91 (Pa. Super. 2017) (holding that an appellant's failure to develop an argument or cite relevant authority in support of the argument results in waiver); Pa.R.A.P. 2119(a), (b).

**Merger**

Merger implicates the legality of the sentence, and the legality of a sentence is an issue this Court can raise *sua sponte*. **See Commonwealth v. Watson**, 228 A.3d 928, 941 (Pa. Super. 2020). Further, our standard of review is *de novo* and our scope of review is plenary. **See id.** (citation omitted). As stated previously, the jury convicted Appellant of two counts of DUI. On March 24, 2022, the trial court sentenced Appellant on the first DUI count, 75 Pa.C.S. § 3802(d)(1)(ii) (DUI-schedule II or III controlled substance), to a term of ninety days to thirty-six months of incarceration, with fifty-three days to be spent in total confinement and thirty-seven days served on house arrest. Sentencing Order, 3/24/22. On the second count of DUI, 75 Pa.C.S. § 3802(d)(1)(iii) (DUI-metabolite of schedule I, II, or III), the trial court imposed a sentence of "no further penalty."

However, the record reflects that Appellant committed a single act of driving while his blood contained both cocaine and Benzoylecgonine, the metabolite of cocaine. **See** N.T., 11/12/21, at 17-18. This Court has held that a defendant should not be subjected to separate sentences for multiple convictions arising under Section 3802(d)(1). **See Commonwealth v. Given**, 244 A.3d 508, 512 (Pa. Super. 2020) (holding that "Section 3802(d)(1) proscribes a single harm to the Commonwealth – DUI-Controlled Substance."). Accordingly, the trial court should have merged Appellant's DUI convictions for purposes of sentencing. **See id.**

Further, the trial court imposed a sentence of "no further penalty" for 75 Pa.C.S. § 3802(d)(1)(iii) (DUI-metabolite of schedule I, II, or III), and this Court has held that a sentence of "no further penalty" constitutes a sentence. *See Commonwealth v. Farrow*, 168 A.3d 207, 215 (Pa. Super. 2017) (holding that "since a court may impose 'guilt without further penalty' as a sentence under 42 Pa.C.S. § 9721(a)(2)," we shall treat such dispositions "as sentences for purposes of our double jeopardy analysis"), *disapproved on other grounds by Commonwealth v. Hill*, 238 A.3d 399 (Pa. 2020); *see also* 42 Pa.C.S. § 9721(a)(2). Because Appellant's sentences for DUI should have merged, the sentence of no further penalty must be vacated. *See Farrow*, 168 A.3d at 215; *see also Commonwealth v. Seif*, 943 WDA 2018, 2020 WL 5423953, at *5 (Pa. Super. filed Sept. 10, 2020) (unpublished mem.).

For these reasons, we conclude that Appellant's conviction for 75 Pa.C.S. § 3802(d)(1)(iii) merges with his conviction for 75 Pa.C.S. § 3802(d)(1)(ii) for purposes of sentencing, and we vacate the sentence of no further penalty for 75 Pa.C.S. § 3802(d)(1)(iii).

## Legality of Sentence

Finally, we address the legality of the sentence imposed for 75 Pa.C.S. § 3802(d)(1)(ii). We reiterate that this Court can raise the legality of a sentence *sua sponte*, and an illegal sentence must be vacated. *See Watson*, 228 A.3d at 941. Moreover, our standard of review is *de novo* and our scope of review is plenary. *See id.*

As stated, Appellant was convicted of 75 Pa.C.S. § 3802(d)(1)(ii), and the trial court imposed a sentence of ninety days to thirty-six months of incarceration. Further, 75 Pa.C.S. § 3814 mandates that any defendant convicted of DUI shall be evaluated using the Court Reporting Network under Section 3816. 75 Pa.C.S. §§ 3814(1), 3816(a). Additionally, any defendant who, "within ten years prior to the offense for which sentence is being imposed, has been sentenced for an offense under[]" Section 3802 of the Motor Vehicle Code, shall receive a full drug and alcohol evaluation. 75 Pa.C.S. § 3814(2)(i)(A). Moreover, this Court has held that the trial court is statutorily required to order the drug and alcohol evaluation before sentencing. *See Commonwealth v. Borovichka*, 18 A.3d 1242, 1255 (Pa. Super. 2011); 75 Pa.C.S. § 3814.

Additionally, 75 Pa.C.S. § 3804(d) provides:

> **(d) Extended supervision of court.—**If a person is sentenced pursuant to this chapter and, after the initial assessment required by section 3814(1), the person is determined to be in need of additional treatment pursuant to section 3814(2), the judge shall impose a minimum sentence as provided by law and a maximum sentence equal to the statutorily available maximum. A sentence to the statutorily available maximum imposed pursuant to this subsection may, in the discretion of the sentencing court, be ordered to be served in a county prison, notwithstanding the provisions of 42 Pa.C.S. § 9762 (relating to sentencing proceeding; place of confinement).

75 Pa.C.S. § 3804(d). Here, it is unclear from the record whether Appellant received a drug and alcohol evaluation prior to sentencing.

- 14 -

Accordingly, we vacate the judgment of sentence for 75 Pa.C.S. § 3802(d)(1)(ii) and remand for resentencing. On remand, the trial court shall determine whether Appellant was evaluated pursuant to Sections 3814 and 3816 of the Motor Vehicle Code and make the results part of the record. If Appellant is not in need of further treatment, the trial court shall reimpose the judgment of sentence. However, if Appellant is in need of further treatment, the trial court shall resentence Appellant consistent with the terms of Section 3804(d) of the Motor Vehicle Code.

## Conclusion

For these reasons, we discern no error in the trial court's order denying Appellant's second omnibus motion as untimely. We, therefore, affirm Appellant's convictions. However, because Appellant's two DUI sentences should have merged for sentencing purposes, we vacate the sentence of no further penalty for 75 Pa.C.S. § 3802(d)(1)(iii) (DUI-metabolite of schedule I, II, or III). Further, we vacate Appellant's judgment of sentence 75 Pa.C.S. § 3802(d)(1)(ii) and remand for resentencing consistent with this opinion.

Judgment of sentence vacated. Case remanded with instructions. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/31/2023

- 15 -