J-S16037-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| HENRY LEE TRUESDALE, JR. | : | |
| | : | |
| Appellant | : | No. 1541 MDA 2024 |

Appeal from the Judgment of Sentence
Entered October 8, 2024
In the Court of Common Pleas of Berks County Criminal Division at
No(s): CP-06-CR-0003850-2022

BEFORE: LAZARUS, P.J., BOWES, J., and LANE, J.

MEMORANDUM BY LANE, J.:                **FILED JULY 10, 2025**

    Henry Lee Truesdale, Jr. ("Truesdale"), appeals from the judgment of sentence,[1] imposed following his convictions of possession of a controlled substance, possession with intent to deliver a controlled substance ("PWID"), and possession of drug paraphernalia.[2] We affirm

---

[1] The trial court initially imposed sentence on October 3, 2024. It filed an amended sentencing order on October 7, 2024, removing Truesdale's eligibility from the Recidivism Risk Reduction Incentive ("RRRI") program. *See* 42 Pa.C.S.A. § 5505 (permitting a trial court to amend the judgment of sentence within thirty days if no appeal of such order has been taken). The court served the amended sentencing order on Truesdale on October 8, 2024. *See* Pa.R.A.P. 108(a)(1) (stating that the day of entry of an order shall be the day the clerk of the court mails or delivers copies of the order to the parties); *see also Commonwealth v. Garzone*, 993 A.2d 1245, 1254 n.6 (Pa. Super. 2010) (explaining that where the trial court amends the judgment of sentence during the period it maintains jurisdiction the direct appeal lies from the amended judgment of sentence).

[2] 35 P.S. § 780-113(a)(16), (a)(30), (a)(32).

A full recitation of the facts is not necessary for disposition of the instant appeal. Briefly, on November 23, 2022, police executed a search warrant on Truesdale's home and recovered narcotics, cash, and contraband. Truesdale made inculpatory statements to police as they detained him during the search. The Commonwealth charged him with multiple drug offenses.

On December 9, 2022, while the Public Defender's office ("Public Defender") represented Truesdale, he waived his preliminary arraignment. Notably, Truesdale signed a waiver of arraignment form, in which he acknowledged:

> I know I have the right . . . to file [an] omnibus motion with the court in writing requesting all other kind of pretrial relief and a copy to be served on the district attorney within thirty . . . days after the above listed arraignment date [(Pa.R.Crim.P. 578, 579)].

Entry of Appearance and Waiver of Arraignment Form, 12/14/22 (unnecessary capitalization omitted). Truesdale's attorney also signed the form.

On January 9, 2023, Roarke Thomas Aston, Esquire, entered an appearance for Truesdale, but he was subsequently arrested for multiple criminal offenses. On August 8, 2023, the Public Defender's office re-entered its appearance and represented Truesdale until March 27, 2024, when William Richard Allen Rush, Esquire, entered an appearance.

On June 13, 2024, Derek Steenson, Esquire ("Trial Counsel"), then entered an appearance. Thereafter, on July 18, 2024, eighteen months after his waiver of arraignment, Truesdale filed an omnibus pre-trial motion to suppress the evidence seized as a result of the search warrant as well as his

statements to police. The trial court denied Truesdale's suppression motion as untimely filed, noting that he failed to comply with Pa.R.Crim.P. 579. Truesdale did not challenge this finding of untimeliness. The trial court did not hold a hearing or address the suppression issues on their merits; therefore, there is no suppression record.

On August 8, 2024, following a bench trial, the trial court found Truesdale guilty four counts of possession of a controlled substance, two counts of PWID, and possession of drug paraphernalia. On October 3, 2024, the trial court imposed an aggregate term of six to twelve years' incarceration. As previously stated, the court issued an amended sentencing order on October 7, 2024, and served it on Truesdale on October 8, 2024.

Truesdale did not file a post-sentence motion but filed a timely notice of appeal. Both Truesdale and the trial court complied with Pa.R.A.P. 1925.

On appeal, Truesdale raises the following two issues for our review: (1) "Did the [trial] court err in denying [Truesdale's] four corners motion to suppress?" and (2) "Should [Truesdale's] statement be suppressed as fruit of the poisonous tree?" Truesdale's Brief at 9.

On appeal, the majority of Truesdale's discussion goes to the merits of his suppression claims. He also addresses, for the first time, the untimeliness of his suppression motion. Truesdale avers that Trial Counsel did not enter his appearance until later in the case and he could not have known of any suppression issues before then.

We consider the applicable standard of review:

We review the trial court's determination that a suppression motion was untimely for an abuse of discretion.

A mere error of judgment does not constitute an abuse of discretion. Rather, a trial court abuses its discretion if in reaching a conclusion[,] the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable or the result of partiality, prejudice, bias, or ill-will as shown by the evidence or the record[.]

***Commonwealth v. Westlake***, 295 A.3d 1281, 1286 (Pa. Super. 2023) (citations omitted).

Pennsylvania Rule of Criminal Procedure 579 provides, in relevant part:

(A) Except as otherwise provided in these rules, **the omnibus pretrial motion for relief shall be filed and served within [thirty] days after arraignment**, unless opportunity therefor did not exist, or the defendant or defense attorney, or the attorney for the Commonwealth, was not aware of the grounds for the motion, or unless the time for filing has been extended by the court for cause shown.

Pa.R.Crim.P. 579(A) (emphasis added).

As this Court has explained,

If a defendant files an untimely omnibus pretrial motion, the defendant's suppression issues "shall" be deemed waived "[u]nless the opportunity [to raise the issue(s)] did not previously exist" or the court excuses the defendant's tardiness in the "interests of justice[.]" Pa.R.Crim.P. 581(B); ***see also*** Pa.R.Crim.P. 581, cmt. (explaining that "[i]t should be noted that failure to file the motion within the appropriate time limit constitutes a waiver of the right to suppress"). . . . However, we note that "[c]ourts are reluctant to excuse untimely [omnibus pretrial] motions arguing issues that the defendant could have timely raised by the original due date."

***Westlake***, 295 A.3d at 1287 (some citations omitted).

- 4 -

Finally, we note: "Issues not raised in the trial court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a).

On appeal, Truesdale acknowledges that: (1) his motion to suppress was not timely; (2) he had attorneys throughout this matter, including from his arraignment waiver on December 9, 2022 to Trial Counsel's entry of appearance in June 2024; but (3) "no omnibus pre-trial motions were ever filed by any previous counsel." Truesdale's Brief at 16. Truesdale contends that "Rule 579(A) specifically provides for an exception to the [thirty]-day filing deadline where the issue is not previously known to defense." *Id*. at 15. Truesdale argues that Trial Counsel "could not have known of any suppression issues prior to entering his appearance in June of 2024." *Id*. at 16. Thus, Truesdale maintains that Trial Counsel's "[f]iling a suppression motion within a month of being retained and becoming aware of obvious suppression issues missed by all previous counsel is a more-than-reasonable timeframe under the exception to Pa.R.Crim.P. 571(A)." *Id*. (*citing* **Commonwealth v. Borovichka**, 18 A.3d 1242, 1248 (Pa. Super. 2014)).

The Commonwealth suggests that Truesdale has waived his suppression issues for failure to raise them in a timely omnibus pre-trial motion under Rule 579(A). We note the trial court's opinion does not address the timeliness of Truesdale's motion but instead discusses the merits of his suppression claims.

Upon review, we determine Truesdale has failed to preserve any appellate challenge to the trial court's denial of his suppression motion on

untimeliness grounds under Rule 579(A). After the trial court issued its order, Truesdale did not seek any reconsideration or otherwise challenge it. Truesdale also did not include any untimeliness argument in his court-ordered Rule 1925(b) statement. Instead, he raises the untimeliness issue for the first time in his appellate brief. Thus, we conclude he has waived it for our review. *See* Pa.R.A.P. 302(a), 1925(b)(4)(vii) (providing that "[i]ssues not included in the Statement . . . are waived").

Moreover, even if Truesdale had preserved his issue, we would conclude the trial court did not abuse its discretion in determining he untimely filed his omnibus pre-trial suppression motion. *See Westlake*, 295 A.3d at 1286. By Truesdale's own acknowledgment, attorneys have represented him since the inception of this action. Truesdale waived his arraignment on December 9, 2022. According to Truesdale's signed waiver of arraignment form, both he and his attorney were aware of the deadline for filing the omnibus motion within thirty days after his arraignment. However, Truesdale, did not file the motion to suppress until July 18, 2024 — eighteen months later.

Furthermore, on the merits of the timeliness issue, Truesdale has failed to justify his decision to file his suppression motion more than eighteen months after waiver of arraignment. In support, he cites ***Borovichka*** for the proposition that Rule 579(A) provides an exception to the thirty-day filing deadline "where the issue is not previously known to defense." Truesdale's Brief at 15. ***Borovichka***, however, did not address whether the trial court

erred by dismissing a pretrial motion as untimely. Instead, in **Borovichka**, the trial court conducted a hearing and ruled on the merits of the defendant's pretrial motion even though it was untimely. ***See Borovichka***, 18 A.3d at 1248. On appeal, this Court declined to find the issue waived due to the untimely filing, because the trial court permitted it. ***See id***. In contrast, here, the trial court denied Truesdale's motion to suppress without a hearing for a "violation of [Pa.R.Crim.P.] 579." Trial Court Order, 7/24/24.

Furthermore, we do not reach the merits of Truesdale's suppression claims. We reiterate the trial court did not rule on them, and thus there is no suppression record.

For the foregoing reasons, we find no merit to any of Truesdale's assertions of error. We therefore affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

_____
Benjamin D. Kohler, Esq.
Prothonotary

Date: 07/10/2025

- 7 -