J-S35026-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
BERNARD MCMILLION :
:
Appellant : No. 443 MDA 2025

Appeal from the Judgment of Sentence Entered March 3, 2025
In the Court of Common Pleas of Cumberland County Criminal Division at
No(s): CP-21-SA-0000197-2024

BEFORE: OLSON, J., MURRAY, J., and LANE, J.

MEMORANDUM BY MURRAY, J.: **FILED: OCTOBER 10, 2025**

Bernard McMillion (Appellant) appeals, *pro se*, from the judgment of sentence imposed following his conviction of the summary offense of disorderly conduct.[1] After review, we dismiss the appeal based upon Appellant's substantially defective appellate brief, which impairs our ability to conduct a meaningful review.

The trial court summarized the underlying facts in its opinion:

On June 2, 2024, Appellant arrived at the Verizon Wireless storefront located in Carlisle, Cumberland County, Pennsylvania, to receive assistance with the services that he received through that company. Over the course of his visit, Appellant became dissatisfied with what he perceived as the lack of assistance he was receiving, as well as the length of time that he had been at the store. Appellant became more agitated over time, eventually reaching the point where he began yelling profanities at staff members, both in the store and over the telephone, and delivered

---

[1] 18 Pa.C.S.A. § 5503(a)(2).

an ultimatum that the employees would have to call the police to have him removed from the premises. Notably, after being asked to leave the store due to his misconduct, Appellant yelled out that [the] senior store manager, Sahara Heffernan [(Ms. Heffernan),] should, "mind [her] own fucking business[]"; described the customer service representative that he was speaking with by telephone as, "the bitch on the phone[]"; yelled that store employee Natalie Plumley [(Ms. Plumley)] was, among other things, a "faggot bitch[]"; and invited Ms. Plumley to "go outside to settle it." Once the police were called, Appellant left the store.

Trial Court Opinion, 5/15/25, at 2-3 (footnote citations to record omitted; punctuation modified).

The day after the incident, the police cited Appellant with a single count of disorderly conduct. A magisterial district court judge found Appellant guilty on July 29, 2024. Appellant timely filed a *de novo* appeal.

On March 3, 2025, the trial court conducted a trial *de novo*, at which Appellant appeared *pro se*. Ms. Plumley and Ms. Heffernan testified for the Commonwealth. The trial court summarized their testimony in its opinion:

During the trial *de novo*, Appellant quickly made it clear that his intention was to single out Ms. Plumley for continued harassment. For example, during [Appellant's] cross-examination of Ms. Heffernan, on multiple occasions[,] Appellant referred to Ms. Plumley as "the guy behind me," [N.T., 3/3/25, at 7, 8,] or made similar references, which led Ms. Heffernan to eventually state, "there is no guy behind you." [***Id.*** at 8.] However, Appellant then continued to contest that point while cross-examining Ms. Heffernan, insisting that Ms. Plumley was not female.

After Ms. Heffernan's testimony concluded, the Commonwealth called Ms. Plumley as the next witness. … Ms. Plumley testified that Appellant appeared to be yelling as loudly as possible while directing profanity at the Verizon customer service representative that he was speaking to on the phone, at Ms. Heffernan, and at Ms. Plumley herself. Following the

conclusion of Ms. Plumley's direct testimony, the following exchange occurred:

[The Court]: [Appellant], do you have any questions for Ms. Plumley?

[Appellant]: Mr. Plumley, yes I do.

[The Court]: That would not be correct, [Appellant]. So do you want to address her as she is recognized? This is my court. You will address her –

[Appellant]: I go by the law of the land, and Donald Trump said that that's a man. That's a man.

[The Court]: I'm not —

[Appellant]: That is a man. That's a man. And he approached me.

[The Court]: This is not acceptable behavior. As I said, this is my courtroom.

[Appellant]: Okay. So it's on the record that I said that's a man.

[The Court]: I don't care what you said. [Appellant], do you have any questions for Ms. Plumley?

[Appellant]: Yes, I have for the man.

[The Court]: I'm not going –

[Appellant]: Did you –

[The Court]: [Appellant] can leave if he's not going to follow the rules of the [c]ourt.

[*Id.* at 11-12.]

At that point, based on [Appellant's] continuing misconduct and rather than battling to speak over Appellant, or derailing the trial *de novo* into a debate regarding the application of the constitutional principles of federalism and the separation of

- 3 -

powers, [*i.e.*, principles invoked by Appellant, the trial court] directed that Appellant be escorted out of the courtroom by a Sheriff's deputy.

After Appellant left the courtroom, [the trial court] found that the Commonwealth met its burden to prove him guilty beyond a reasonable doubt of the summary offense of disorderly conduct and reinstated the judgment of the lower court.

Trial Court Opinion, 5/15/25, at 4-6 (footnotes omitted). The trial court sentenced Appellant to pay the costs of prosecution and a fine of $25.

Appellant timely filed a *pro se* notice of appeal.[2] On April 2, 2025, the trial court ordered Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal within 21 days. Appellant timely filed a concise statement, asserting six allegations of error.[3] The trial court issued its Rule 1925(a) opinion on May 15, 2025.

On June 25, 2025, Appellant filed his *pro se* brief with this Court. As we discuss *infra*, the brief consists merely of a single paragraph, without any

---

[2] There is no indication in the record that Appellant sought or received *in forma pauperis* status.

[3] Specifically, Appellant claimed the trial court erred by (1) violating the Sixth Amendment to the United States Constitution, when it precluded Appellant from cross-examining Ms. Plumley at the *de novo* trial; (2) disregarding a purported federal executive order; (3) upholding Appellant's conviction of disorderly conduct, which was unsupported by sufficient evidence; (4) infringing upon Appellant's "[F]irst Amendment right to religion and culture," which "does not allow [Appellant] to advocate for transgenderism or homosexuality"; (5) ordering Appellant's removal from the courtroom at the *de novo* trial; and (6) exhibiting judicial bias against Appellant. Concise Statement, 4/21/25, ¶¶ 1-6.

citation to authority or the record, and fails to comply with numerous Rules of Appellate Procedure.

On July 1, 2025, the Commonwealth filed in this Court an application to quash the appeal.[4]  The Commonwealth asserted Appellant's brief "contains a multitude of substantial defects that prohibit this Honorable Court from being able to undertake a meaningful review of any of his alleged claims." Application to Quash, 7/1/25, ¶ 19.  On July 25, 2025, we denied the application to quash, without prejudice to the Commonwealth's right to raise the issue before the merits panel.[5]

Before reaching the merits of Appellant's issues, we must consider whether the defects in his brief require dismissal of the appeal.  "Briefs … shall conform in all material respects with the requirements of" the Pennsylvania Rules of Appellate Procedure "as nearly as the circumstances of the particular case will admit."  Pa.R.A.P. 2101.  Significantly, if the defects in an appellant's brief "are substantial, the appeal … may be quashed or dismissed."  *Id.*

"This Court will address only those issues properly presented and developed in an appellant's brief as required by our Rules of Appellate

---

[4] Appellant did not respond to the application to quash.

[5] In its brief, the Commonwealth reasserts its claim that Appellant's brief is so substantially defective that dismissal of the appeal is warranted.  *See* Commonwealth's Brief at 9-12.

Procedure, Pa.R.A.P. 2101-2119." *Commonwealth v. Phillips*, 141 A.3d 512, 522 (Pa. Super. 2016).

> It is an appellant's duty to present arguments that are sufficiently developed for our review. The brief must support the claims with pertinent discussion, with references to the record and with citations to legal authorities. As such, **when issues are not properly raised and developed in briefs, when the briefs are wholly inadequate to present specific issues for review, a court will not consider the merits thereof.** Although this Court is willing to construe liberally materials filed by a *pro se* litigant, a *pro se* appellant enjoys no special benefit. Any layperson choosing to represent himself in a legal proceeding must, to some reasonable extent, assume the risk that his lack of expertise and legal training will prove his undoing.

*Commonwealth v. Westlake*, 295 A.3d 1281, 1286 n.8 (Pa. Super. 2023) (emphasis added; internal citations, brackets, and quotation marks omitted); *see also Commonwealth v. Vurimindi*, 200 A.3d 1031, 1038 (Pa. Super. 2018) (*per curiam*) ("[P]ro se litigants must comply with the procedural rules set forth in the Pennsylvania Rules of Court; if there are considerable defects, we will be unable to perform appellate review.").

> Our Supreme Court has acknowledged that
>
> [t]he briefing requirements[,] scrupulously delineated in our appellate rules[,] are not mere trifling matters of stylistic preference; rather, they represent a studied determination by our Court and its rules committee of the most efficacious manner by which appellate review may be conducted so that a litigant's right to judicial review … may be properly exercised. Thus, we reiterate that compliance with these rules by appellate advocates … is mandatory.

*Commonwealth v. Perez*, 93 A.3d 829, 837-38 (Pa. 2014) (citation omitted); *see also Commonwealth v. Lawrence*, 313 A.3d 265, 278 n.3

(Pa. Super. 2024) ("It is well settled that this Court will not act as counsel and will not develop arguments on behalf of an appellant." (citation, brackets, and quotation marks omitted)).

Instantly, Appellant's brief in no way complies with our briefing requirements. Indeed, the brief consists merely of a single paragraph[6] and lacks **any** of the delineated sections which our appellate rules require. **See** Pa.R.A.P. 2111(a) (requiring an appellant's brief to include, *inter alia*, a statement of the questions involved and argument).

Further, Appellant's brief contains no citations to legal authority or the record. **See** Pa.R.A.P. 2119(a) (requiring that the argument portion of the brief include a relevant discussion of points raised along with citation to pertinent authorities). As our Supreme Court has stated,

> [w]here an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived. It is not the obligation of an appellate court to formulate [an] appellant's arguments for him. Indeed, we are neither obliged, nor even particularly equipped, to develop an argument for a party. To do so places the Court in the conflicting roles of

---

[6] Appellant urges this Court to reverse his conviction of disorderly conduct, and asserts that he "submitted [his] issues in the 1925(b) concise statement and do[es] not have any legal representation." Appellant's Brief at 1. Appellant represented he "will not be citing case law because this is a clear constitutional violation of the Sixth Amendment Confrontation Clause. I as a defendant have the right to cross[-]examine my witness." **Id.** (capitalization modified). Appellant complains that at the *de novo* trial, the trial court improperly precluded Appellant from cross-examining Ms. Plumley, ejected him from the courtroom, and "came to a disposition of the case without the accuser being confronted by the defendant[.]" **Id.**; **see also id.** (Appellant complaining he had the right to "refuse[] to call this biological man a female").

advocate and neutral arbiter. The Court is left to guess at the actual complaint that is intended by the party.

***Commonwealth v. Armolt***, 294 A.3d 364, 377 (Pa. 2023) (internal citations and quotation marks omitted); ***see also Commonwealth v. Johnson***, 985 A.2d 915, 924 (Pa. 2009) ("[W]hile a person convicted of a crime is guaranteed the right to [] appeal under Article V, Section 9, of the Pennsylvania Constitution, where an appellate brief fails to provide any discussion of a claim with citation to relevant authority[,] or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived." (citations omitted)).

Regarding the statement of questions involved, Rule 2116(a) dictates that "[**n**]**o questions will be considered unless they are stated in the statement of questions involved** or are fairly suggested thereby." Pa.R.A.P. 2116(a) (emphasis added). Rule 2116(a) "is to be considered in the **highest degree mandatory, admitting of no exception**[.]" ***Wirth v. Commonwealth***, 95 A.3d 822, 858 (Pa. 2014) (citation omitted; emphasis added).

Here, Appellant's perfunctory brief contains no statement of questions involved. Moreover, to the extent Appellant asserts that he "submitted [his] issues in the 1925(b) concise statement[,]" our Supreme Court has categorically rejected "incorporation by reference" as a means of presenting an issue in the argument portion of an appellant's brief, and has found waiver on this basis. ***See Commonwealth v. Briggs***, 12 A.3d 291, 342-43 (Pa.

2011); *see also id.* at 343 ("Were we to countenance such incorporation by reference as an acceptable manner for a litigant to present an argument to an appellate court of this Commonwealth, this would enable wholesale circumvention of our appellate rules which set forth the fundamental requirements every appellate brief must meet.").

In sum, Appellant's substantially defective brief hampers our ability to conduct meaningful appellate review. Accordingly, we dismiss the appeal. *See* Pa.R.A.P. 2101; *see also Commonwealth v. Sanford*, 445 A.2d 149, 151 (Pa. Super. 1982) (dismissing appeal under Rule 2101 where the defects in appellant's brief were substantial and hampered appellate review).

Appeal dismissed.

Judgment Entered.

_____
Benjamin D. Kohler, Esq.
Prothonotary

Date: <u>10/10/2025</u>