J-A23006-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LAMAYA DELAROSA | : | |
| | : | |
| Appellant | : | No. 233 WDA 2025 |

Appeal from the Judgment of Sentence Entered February 28, 2025
In the Court of Common Pleas of Allegheny County Criminal Division at
No(s):  CP-02-SA-0001491-2024

BEFORE:  PANELLA, P.J.E., McLAUGHLIN, J., and BENDER, P.J.E.

MEMORANDUM BY PANELLA, P.J.E.:                **FILED:  October 21, 2025**

Lamaya Delarosa appeals pro se from the judgment of sentence imposed on February 28, 2025, following his summary conviction of Pittsburgh local ordinance § 627.02(b)(i), possessing a small amount of marijuana. Based upon the substantial defects in Delarosa's brief, we quash this appeal.

The following facts were obtained from the certified record. On August 26, 2024, Officer Paul Jenkins observed Delarosa smoking what he suspected was marijuana. Initially, Officer Jenkins told Delarosa to "put it out." N.T. Summary Appeal Hearing, 2/28/25, at 4. Delarosa became argumentative in response. At that point, Officer Jenkins chose to issue Delarosa a citation for the local ordinance of possessing a small amount of marijuana.

Delarosa pled not guilty and proceeded to a summary trial. On October 10, 2024, Magisterial District Judge James Motznik found Delarosa guilty.

Delarosa filed an appeal to the court of common pleas in Allegheny County. A summary appeal hearing was held on February 28, 2025. Delarosa did not appear. Officer Jenkins testified at the hearing. The trial court found Delarosa guilty and imposed a fine of $300. Delarosa timely appealed to this Court.

The trial court ordered Delarosa to file and serve a Rule 1925(b) statement of errors complained of on appeal on March 5, 2025. *See* Pa.R.A.P. 1925(b). Delarosa did not comply. Typically, failure to comply with a trial court's order to file a Rule 1925(b) statement results in waiver of all claims on appeal. *See* Pa.R.A.P. 1925(b)(4)(vii). However, upon a thorough review of the record, it is not clear that Delarosa received the trial court's order. The address listed for service of the order to Delarosa is different than the address Delarosa hand wrote on his notice of appeal. Because it is unclear whether Delarosa received the order, we decline to find waiver of his issues on this basis. ***See Commonwealth v. Davis***, 867 A.2d 585, 588 (Pa. Super. 2005) (en banc) (declining to find waiver when a Rule 1925(b) order is not served upon the party).

Nevertheless, we quash this appeal because Delarosa has failed to abide by our rules. Our rules provide:

> Briefs and reproduced records shall conform in all material respects with the requirements of these rules as nearly as the circumstances of the particular case will admit, otherwise they may be suppressed, and, if the defects are in the brief or reproduced record of the appellant and are substantial, the appeal or other matter may be quashed or dismissed.

Pa.R.A.P. 2101.

- 2 -

The brief of appellant is required to include: (1) a statement of jurisdiction, (2) order or other determination in question, (3) statement of both the scope and standard of review, (4) statement of the questions involved, (5) statement of the case, (6) summary of the argument, (7) argument, (8) conclusion, (9) all opinions authored by the trial court, (10) a copy of the Rule 1925(b) statement, and (11) the certificates of compliance required by Pa.R.A.P. 127 and 2135(d). *See* Pa.R.A.P. 2111(a)(1)-(6), (8)-(12).

> We are cognizant that Appellant is pro se, however, this Court will not act as counsel and will not develop arguments on behalf of an appellant. It is an appellant's duty to present arguments that are sufficiently developed for our review. The brief must support the claims with pertinent discussion, with references to the record and with citations to legal authorities. As such, when issues are not properly raised and developed in briefs, when the briefs are wholly inadequate to present specific issues for review, a court will not consider the merits thereof. Although this Court is willing to construe liberally materials filed by a pro se litigant, a pro se appellant enjoys no special benefit. Any layperson choosing to represent himself in a legal proceeding must, to some reasonable extent, assume the risk that his lack of expertise and legal training will prove his undoing.

*Commonwealth v. Westlake*, 295 A.3d 1281, 1286 n.8 (Pa. Super. 2023) (quotation marks, brackets, italics, and citations omitted).

Delarosa's brief, liberally construed, meets only two requirements of our rules. He includes the trial court's Rule 1925(a) opinion and an argument section. *See* Appellant's Brief, at 2, 4 (pagination added for ease of

reference).[1] Delarosa's argument, however, reads more like a factual statement of the case. It provides his side of what happened on August 26, 2024. It is a single paragraph, without citations to the record and legal authorities. We are unable to discern what relief Delarosa seeks. As such, we quash this appeal.

Appeal quashed.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

DATE:  10/21/2025

---

[1] We note there is a certificate of service attached but it was not drafted by Delarosa and does not indicate service upon opposing counsel for this case. *See* Appellant's Brief, at 3 (pagination added for ease of reference). This Court is bewildered as to where this certificate originated from and why it is attached to Delarosa's brief.