J-S32034-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| HOWARD LEE CAMPBELL | : | |
| | : | |
| Appellant | : | No. 1829 MDA 2024 |

Appeal from the PCRA Order Entered November 7, 2024
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0002424-2020

BEFORE:  LAZARUS, P.J., KUNSELMAN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:                **FILED: NOVEMBER 17, 2025**

Appellant, Howard Lee Campbell, appeals from the November 7, 2024, Order denying his Post Conviction Relief Act (hereinafter "PCRA") petition entered in the in the Court of Common Pleas of York County in the matter docketed at CP-67-CR-0002424-2020. After careful review, we affirm.

The PCRA Court outlined the relevant factual and procedural history as follows:

> In February of 2020, a confidential informant represented to Detective Cody Myers that they could purchase heroin from an individual located in Baltimore. The confidential informant could not provide a name of the individual, only a phone number. The confidential informant then met with Detective Craig Fenstermacher, who directed the informant to broker a deal with the alleged dealer.
> Thereafter, the confidential informant called the known phone number, spoke with a male individual on the other end of the call, and brokered a deal to purchase roughly $1,300.00 in

---

[*] Former Justice specially assigned to the Superior Court.

what was believed to be heroin. Arrangements were then made between the parties for the unknown male individual to meet with the confidential informant at a Turkey Hill convenience store in York, Pennsylvania. Due to a miscommunication, the individual first arrived at an incorrect Turkey Hill and required redirection by the confidential informant to the correct Turkey Hill.

At the correct Turkey Hill, Detectives Fenstermacher, Myers, and Vincent Monte were set up to surveil the parking lot of the convenience store. During the redirection by the confidential informant, the suspect noted that he would be arriving to the correct Turkey Hill in a gray Nissan. Shortly thereafter, a gray Nissan arrived at the Turkey Hill, drove around the parking lot as if the driver was looking for something, and eventually parked by the air pump. At this point, the arrest team moved in to pull the suspect from the vehicle.

The arrest team then searched the car. They found three cell phones. Using another phone, they made a phone call to the number that was used by the confidential informant to set up the buy. One of the three phones found in the car then illuminated in response to the call. In addition to the cell phones, the arrest team also located a bag in the backseat of the car which contained 88 capsules of what appeared to be heroin. The capsules were later tested and proven to be fentanyl.

[Appellant] was then arrested upon completion of the search of his vehicle. [Appellant] was then taken to the police station where he proceeded to give a statement to the police. In his statement, [Appellant] indicated that he was in Baltimore when two people whom he did not really know offered him $250.00 to drive to York City. [Appellant] stated that someone was supposed to give him $1,300.00, and he would then drive the money back to Baltimore. [Appellant] further indicated that he believed that the money probably had something to do with drugs, but not that he was carrying said drugs.

***

On February 2, 2022, after a jury trial, [Appellant] was found guilty of one count of possession with the intent to deliver a controlled substance. On March 14, 2022, [Appellant] was sentenced to eight (8) to sixteen (16) years in a state correctional facility followed by one-year consecutive probation. That same day, [Appellant]'s counsel for both trial and sentencing, Attorney Charles Dutko, withdrew his appearance. On March 16, 2024,

[Appellant]'s new counsel, Attorney Jonathan White, entered his appearance. See, Defendant's Post-Sentence Motion.

On May 6, 2022, Attorney White filed a Motion for a New Trial or Arrest of Judgment, asserting that the verdict was against the weight of evidence so as to shock one's sense of justice. On June 15, 2022, this court denied Defendant's post-sentence motion at a hearing on the matter, citing on the record to constructive possession of the drugs in question.

On July 5, 2022, Attorney White filed a Notice of Appeal to the Superior Court of Pennsylvania. On July 6, 2022, this court directed the Defendant to file a Statement of Matters Complained of on Appeal Pursuant to Pennsylvania Rule of Appellate Procedure 1925(B). On July 12, 2022, Attorney White filed a Concise Statement of Errors Complained of on Appeal. On May 12, 2023, the Superior Court of Pennsylvania affirmed, based on the trial evidence and determined the trial court did not abuse its discretion.

On February 24, 2024, Defendant *pro se* filed a Petition for Post Conviction Collateral Relief. On March 20, 2024, this court issued an Order Appointing PCRA Counsel after receiving Defendant's Petition for Post-Conviction collateral relief. On May 22, 2024, PCRA Counsel filed an Amended Petition to Withdraw as Counsel and *Turner/Finley* No Merit Letter. On September 16, 2024, this court issued a Notice of Intent to Dismiss pursuant to Pennsylvania Rule of Criminal Procedure § 907. On October 6, 2024, Defendant *pro se* filed his Response to the 907 Notice of Intent to Dismiss. On November 7, 2024, this court issued an Order and Opinion denying relief under the Post-Conviction Relief Act based on Defendant's failure to raise any new allegations in his Response.

On December 8, 2024, Defendant *pro se* filed a Notice of Appeal to the Superior Court of Pennsylvania.

Trial Court Opinion 2/5/2025 at 1-3 (cleaned up).

Appellant raises five issues for our review:

I.      Whether the PCRA court erred;[sic]

(a) When it denied Appellant's PCRA Petition when it held that there was sufficient probable cause to arrest Appellant based on the CI's interactions with Appellant prior to the arrest, when the only alleged interactions were overheard phone conversations between the CI and Appellant in which Appellant told the CI that the Appellant was driving a gray Nissan vehicle, and overheard

phone conversations where the CI gave Appellant the address of 2 Turkey Hill locations.

(b) When it held, [sic] that the weight of the drugs stipulated to, and 80% of that amount, had the same OGS as the lower weight, which was true , [sic] but irrelevant to the claim that was actually raised, which was that the Commonwealth's expert witness relied on the higher amount in evidence, that the drugs found were for the purposes of PWID and not for Appellant's personal use;

(c) In holding that the Appellant admitted he knew the drugs were in the vehicle when he testified he believed the transaction was drug related, since that belief could have meant that he was driving to York County to pick up drugs or money.

(d) In holding that the Appellant was not prejudiced by the DA arguing the drugs transported by Appellant were "deadly."

II. Whether the Trial Court erred when it overruled Defendant's objection to Detective Fenstermacher's testimony about the male individual he heard on the phone, when neither he nor the CI could identify that it was the Appellant on the phone.

Appellant's Brief at 2.

Entirely absent from Appellant's brief is the vital context that the issues presented in his PCRA petition all take the form of allegations of ineffective assistance of counsel. **See** Appellant's Petition for Post Conviction Collateral Relief 2/24/2024 at 6-7 (unpaginated). The PCRA court summarized the claims presented in Appellant's petition as follows:

"The [Appellant] alleges that Trial Counsel was ineffective for the following reasons: (1) Counsel failing to file a suppression motion regarding the drugs found in Defendant's vehicle; (2) Counsel's decision to stipulate to the lab results from Pennsylvania State Police; (3) Counsel's failure to make a proper closing argument; and (4) Counsel's failure to object to the District Attorney's closing. The Defendant additionally alleges that Appellate Counsel was ineffective for failing to raise a claim [that the trial court erred by overruling Appellant's

objection to the testimony of Detective Fenstermacher] on direct appeal."

Notice Pursuant to Pa.R.Crim.P. § 907 9/16/2024 at 5.

To the extent Appellant attempts to raise any of these issues as recounted in his statement of questions presented on appeal as distinct from his earlier claims of ineffective assistance of counsel as set forth in his PCRA petition, the same are waived. **See *Commonwealth v. Santiago***, 855 A.2d 682, 691 (Pa. 2004) ("[A] claim not raised in a PCRA petition cannot be raised for the first time on appeal.").

To the extent Appellant intended for his brief to address the lower court's dismissal of his PCRA petition claiming ineffective assistance of counsel in light of the above-outlined holdings, we have previously explained:

> "[a]lthough this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant. To the contrary, any person choosing to represent himself in a legal proceeding must, to a reasonable extent, assume that his lack of expertise and legal training will be his undoing. Accordingly, *pro se* litigants must comply with the procedural rules set forth in the Pennsylvania Rules of Court; if there are considerable defects, we will be unable to perform appellate review."

***Commonwealth v. Vurimindi***, 200 A.3d 1031, 1037-38 (Pa. Super. 2018) (internal citation omitted, some formatting altered).

Here, Appellant's brief does not so much as identify the actions or inactions of counsel which would form the basis of his claims of ineffectiveness, let alone develop an argument to those points. In fact, Appellant's entire argument consists of five paragraphs, one to each claim,

that do barely more than restate the corresponding question presented on appeal as an affirmative claim and, at best, gesture towards arguable merit. *See Commonwealth v. Ali*, 10 A.3d 282, 291 (Pa. 2010) (*holding* in order to prevail on a claim of ineffective assistance of counsel, Appellant must show that: his underlying claim is of arguable merit; *and* that counsel had no reasonable basis for his action or inaction; *and* that the petitioner suffered actual prejudice as a result); *Commonwealth v. Simpson*, 66 A.3d 253, 260 (Pa. 2013) ("If a petitioner fails to prove any of these prongs, his claim fails.").

"This Court will not act as counsel and will not develop arguments on behalf of an appellant." *Commonwealth v. Westlake*, 295 A.3d 1281, 1286 n.8 (Pa. Super. 2023) (internal citation omitted). "[W]here an appellate brief fails to provide any discussion of a claim with citation to relevant authority or fails to develop the issue in any other meaningful fashion capable of review, that claim is waived." *Commonwealth v. Johnson*, 985 A.2d 915, 924 (Pa. 2009). Here, Appellant's woefully deficient brief impedes meaningful review of the PCRA Court's decision to dismiss Appellant's claims of ineffective assistance of counsel. As such, we are constrained to find waiver.

For the foregoing reasons, we find that Appellant has waived all claims relevant to the instant appeal, and we therefore affirm the order of the PCRA court.

Order affirmed.

Judgment Entered.

signature

Benjamin D. Kohler, Esq.
Prothonotary

Date: 11/17/2025