J-S22030-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KHIRY LAMAR BOSTON | : | |
| | : | |
| Appellant | : | No. 73 MDA 2025 |

Appeal from the PCRA Order Entered December 19, 2024
In the Court of Common Pleas of Berks County Criminal Division at
No(s): CP-06-CR-0001189-2021

BEFORE: LAZARUS, P.J., BOWES, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY BOWES, J.: **FILED: DECEMBER, 3, 2025**

Khiry Lamar Boston appeals from the order that dismissed his petition filed pursuant to the Post Conviction Relief Act ("PCRA"). We affirm.

On March 24, 2022, Appellant entered an open guilty plea to three counts of delivery of a controlled substance, and one count each of possession with intent to deliver ("PWID") and criminal conspiracy to commit PWID following a three-month criminal investigation consisting of multiple controlled buys where undercover police officers exchanged a total of $750 for approximately 280 packets of fentanyl. As first degree felonies, each of the five counts carried a thirty-year maximum term of imprisonment. During the plea hearing, there was some brief confusion as to which of the several counts

_____

[*] Former Justice specially assigned to the Superior Court.

of criminal conspiracy Appellant sought to plead guilty. Specifically, Appellant had been charged with criminal conspiracy to violate P.S. § 780-113(a)(30) as to both (1) the delivery of a controlled substance at Counts 14; and possession with intent to deliver ("PWID") a controlled substance at Count 15.[1] Following a brief discussion, Appellant's counsel, Jay Nigrini, Esquire, clarified that Appellant was pleading guilty to "conspiracy to possession with intent to deliver" charged at Count 15 of the information. N.T. Guilty Plea and Sentencing, 3/24/22, at 6. Thereafter, Appellant not only confirmed that he was pleading guilty to the conspiracy to possess with intent to deliver a controlled substance charged at Count 15, but he also expressly admitted that he was "involved in conspiracy . . . to possess with intent to deliver. . . [a] controlled substance." *Id*. at 6-7. Likewise, he confirmed that it was an open plea and acknowledged his maximum sentencing exposure was up to 150 years of imprisonment. *Id*. at 6. The trial court accepted the plea and imposed an aggregate term of eleven and one-half to twenty-five years imprisonment. Still represented by Attorney Nigrini, Appellant filed a direct appeal to this Court challenging the discretionary aspects of his sentence. We found the sentencing issues either abandoned in the brief or waived due to

---

[1] Section 780-113(a) (30) prohibits each of "the manufacture, delivery, or possession with intent to manufacture or deliver, a controlled substance by a person not registered under this act, or a practitioner not registered or licensed by the appropriate State board, or knowingly creating, delivering or possessing with intent to deliver, a counterfeit controlled substance." *See* 35 P.S. § 780-113(a) (30)

Appellant's failure to include them in his post-sentence motion or the Pa.R.A.P. 2119(f) statement. **See Commonwealth v. Boston**, 292 A.3d 1128, 2023 WL 1099240 (Pa.Super. 2023) (non-precedential decision). Our Supreme Court denied allowance of appeal on July 26, 2023.

On July 25, 2024, Appellant timely filed a *pro se* petition assailing plea counsel's stewardship in permitting him to enter an unknowing plea based on an alleged discrepancy concerning which of two counts of criminal conspiracy was the basis for the plea. He also asserted that counsel provided ineffective assistance during sentencing and that direct appeal counsel abandoned his assertion that the sentencing guidelines concerning fentanyl were too harsh. The PCRA court appointed counsel, who filed a petition to withdraw pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (*en banc*). On November 20, 2024, the PCRA court issued notice pursuant to Pa.R.A.P. 907 of its intent to dismiss Appellant's PCRA petition without a hearing and granted counsel's petition to withdraw. Appellant filed a response to the Rule 907 Notice essentially re-asserting the merits of his *pro se* petition. Unpersuaded, the PCRA court dismissed Appellant's PCRA petition.

Appellant timely appealed and complied with the trial court's directive to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). The PCRA court's Rule 1925(a) opinion expressly incorporated the rationale it provided in its eleven-page Rule 907 notice.

Appellant presents the following questions for our review, which we renumbered for ease of disposition:

1. Did the trial court err. . . in not finding that its action of constructive modification of Appellant's plea statement from Count 14 to Count 15 without pausing the proceeding and giving Appellant a chance to confer with his attorney about the ramifications of the court's action violate. . . Appellant's [c]onstiutional [right] to a knowingly, voluntarily, and intelligently enter[ed] . . . guilty plea?

2. Did the trial court err. . . in not finding that its action of constructive modification of Appellant's plea paperwork Count 14 to Count 15 without pausing the proceedings and giving Appellant a chance to confer with his attorney about the ramifications of the court's action violated Appellant's [c]onstitutional [r]ight in that it caused him to be convicted of[,] and subsequently sentenced for[,] a crime (Count 15) to which he did not knowingly, voluntarily and intelligently pleas guilty?

3 Did the trial court err. . . by not finding that its action of constructive modification of Appellant's plea paperwork from Count 14 to Count 15 violated Appellant's [c]onstitutional [r]ight to be informed of the possible maximum length of his sentence considering the fact that the modification exposed Appellant to a consecutive sentence?

4. Did the [PCRA] court err. . . in not finding trial counsel ineffective for not asking for a recess to explain to Appellant the ramification of the court's modification of Count 14 to Count 15 during appellant's guilty plea proceedings?

5. Did the [PCRA] court err. . . in not finding that trial counsel was ineffective at sentencing as counsel failed to present a claim to the court that the sentencing guidelines are disproportionally harsh and unfair with regards to fentanyl?

6. Did the [PCRA] court err. . . in finding that Appellant waived his claim of ineffective assistance of trial counsel at sentencing, even though Appellant's signed guilty plea statement indicates that he maintain[s] those rights in spite of pleading guilty, and even more, the ineffective assistance of counsel occurred after Appellant plead[sic] guilty?

- 4 -

     7.     Did the trial court err. . . in finding that there is no requirement that the counts alleged in a criminal information specifically reference the drug for which Appellant [was] charged?

     8.     Did the [PCRA] court err . . . in not finding Appellant's court appointed PCRA counsel . . . was ineffective in his representation of Appellant during his PCRA proceedings, and thereafter order. . . and decree. . . that [counsel] be allowed to withdraw from [the] PCRA proceedings?

Appellant's brief at 4-6.

We begin with a review of the applicable legal principles. This Court will "review an order dismissing or denying a PCRA petition as to whether the findings of the PCRA court are supported by the record and are free from legal error." **Commonwealth v. Howard**, 285 A.3d 652, 657 (Pa.Super. 2022) (cleaned up). Overall, "[i]t is an appellant's burden to persuade us that the PCRA court erred and that relief is due." **Commonwealth v. Stansbury**, 219 A.3d 157, 161 (Pa.Super. 2019) (cleaned up).

To be entitled to PCRA relief, a petitioner must establish that his conviction resulted from a constitutional violation, ineffective assistance of counsel, an unlawfully-induced plea, governmental obstruction with a right of appeal, the unavailability of after-discovered exculpatory evidence, or a proceeding for which there was no jurisdiction, or that he is serving an illegal sentence. **See** 42 Pa.C.S. § 9543(a)(2). To merit consideration, the issues raised in the PCRA petition must not have been previously litigated or waived. **See** 42 Pa.C.S. § 9543(a)(3). In this vein, "[a]n issue is waived if a petitioner could have raised it but failed to do so before trial, at trial, on appeal or in a

- 5 -

prior state post-conviction proceeding." ***Commonwealth v. Oliver***, 128 A.3d 1275, 1281–82 (Pa.Super. 2015) (cleaned up). Further, to prove a claim of ineffective assistance, the petitioner must establish that the underlying claim has arguable merit, counsel lacked a reasonable basis for the act or omission, and there is a reasonable probability that but for the ineffectiveness, the outcome of the proceeding would have been different. ***See Commonwealth v. Grayson***, 212 A.3d 1047, 1054 (Pa.Super. 2019).

With these principles in mind, we turn to Appellant's first three issues, which all relate to the trial court's on-the-record correction of the guilty plea to confirm that Appellant was pleading guilty to Count 15 rather than Count 14. In this regard, Appellant asserts, "[t]he trial court erred when it did not temporarily halt Appellant's guilty plea proceeding and direct . . . counsel to go over the ramifications of the court's modification of Count 14 to Count 15[.]" Appellant's brief at 13. He continues, "By not doing so, the court violated Appellant's Sixth Amendment right to counsel[.]" ***Id***.

These claims are waived for two reasons. First, by entering a plea of guilty, Appellant waived all defects and defenses except jurisdiction, legality of sentence, and the validity of the guilty plea. ***See Commonwealth v. Alameda***, 339 A.3d 504, 511 (Pa.Super. 2025) ("Generally, a plea of guilty amounts to a waiver of all defects and defenses except those concerning the jurisdiction of the court, the legality of the sentence, and the validity of the guilty plea."). Furthermore, to the extent that Appellant's claims implicate a

facial challenge to the validity of the guilty plea, the issues are waived because he failed to assert them during the direct appeal.[2] **See Oliver**, 128 A.3d at 1281–82. Accordingly, we do not address the merits of Appellant's first three issues.

Appellant's next three issues allege that Attorney Nigrini provided ineffective assistance during the plea and sentencing proceedings. These allegations of plea counsel's ineffective assistance in connection with the entry of a guilty plea are distinct from the waived facial challenges to the plea's validity. However, such claims would serve as a basis for relief only if the ineffectiveness caused the petitioner to enter the plea involuntarily or unknowingly. **See Commonwealth v. Brown**, 235 A.3d 387, 391 (Pa.Super. 2020). In this context, "the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." **See id**. (citation omitted). Accordingly, to establish prejudice, the defendant must demonstrate "a reasonable probability that, but

_____

[2] For the identical reasons we do not review the merits of Appellant's seventh issue, which challenges Count 15 because it does not specifically identify fentanyl as the controlled substance. Even if the issue was not waived pursuant to 42 Pa.C.S. § 9543(a)(3), it fails because Appellant failed to provide any argument in support of this claim in his brief. **Commonwealth v. Westlake**, 295 A.3d 1281, 1286 (Pa.Super. 2023) ("[w]hen issues are not properly raised and developed in briefs, when the briefs are wholly inadequate to present specific issues for review, a court will not consider the merits thereof.") (citation omitted).

for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id*. (citation omitted)

It is presumed that when a defendant enters into a plea, he is aware of what he is doing. ***Commonwealth v. Alameda***, 339A.3d 504, 510 (Pa.Super. 2025). Additionally, "[a] person who elects to [enter into a plea] is bound by the statements he makes in open court while under oath and he may not later assert grounds for withdrawing the plea which contradict the statements he made at his colloquy." ***Id***.

The instant allegations of ineffective assistance have two facets. First, Appellant asserts that Attorney Nigrini provided ineffective assistance in failing to request a brief recess to ensure that Appellant understood that he was pleading to Count 15 rather than Count 14. Appellant's brief at 4, 13-14; Appellant's reply brief at 4-5. Second, he contends that Attorney Nigrini provided ineffective assistance in (1) failing to assert that the sentencing guidelines created too harsh of a punishment for PWID involving fentanyl; and (2) neglecting to preserve that sentencing claim on direct appeal. We address the arguments *seriatim*.

The first aspect of Appellant's ineffective assistance claim relates to Attorney Nigrini's alleged failure to request a recess to confer with Appellant before pleading guilty to the conspiracy charged at Count 15. Appellant's primary contention appears to be that Count 15 caried a consecutive sentence while Count 14 would have been imposed concurrently. ***See*** Appellant's brief

at 14 ("the difference between the two [counts] exposed [Appellant] to a greater consecutive maximum sentence."). He is mistaken. Both counts charge a conspiracy to violate 35 P.S. § 780-113(3) concerning manufacture, delivery, or PWID of a controlled substance, graded as a first degree felony. Thus, the maximum sentencing exposure for either count is thirty years imprisonment. Contrary to Appellant's misapprehension, Count 15 did not implicate a mandatory consecutive sentence. Appellant entered an open plea and the trial court exercised its discretion to consecutively impose punishment for the drug-related conspiracy. Indeed, had Appellant instead pled guilty to the twin offense leveled at Count 14, the trial court could, and presumably would, have fashioned the identical consecutive sentence. Accordingly, no relief is due.

Similarly, we reject Appellant's related contention that the failure to seek a continuance caused him to enter his plea involuntarily. Stated plainly, our review of the certified record supports the trial court's conclusion that Appellant's open guilty plea was knowing, intelligent, and voluntary.

The following exchange occurred during the guilty plea colloquy:

The Court: Can I stop for a second. I have Count 14 on the paperwork.

[The Commonwealth]: Count 14 is Conspiracy to Commit Delivery. I thought it was Count 15 Conspiracy to Commit [PWID]. Should we make that modification?

Mr. Nigrini: That was clear. I had – it was Conspiracy to Commit Possession with Intent to Deliver. So it's just a wrong count number.

The Court: All Right. Thank you. I will make that modification.

[The Commonwealth]: And Mr. Boston, it is clear to you that you're pleading to Count 15, Conspiracy to Possess with Intent to Deliver a Controlled Substance?

[Appellant]: Yes, ma'am.

. . . .

[The Commonwealth]: Considering your answers to my questions on the record and those in the written colloquy, is it your intention to plead guilty and be sentenced . . . in an open plea?

[Appellant]: Correct.

[The Commonwealth]: By pleading guilty do you admit that you were involved in a conspiracy with Miguel Bones-Gomez between January through February of 2021 to possess with intent to deliver, as well as deliver controlled substances.

[Appellant]: Yes, ma'am.

[The Commonwealth]: Specifically[,] fentanyl?

[Appellant]: Yes, ma'am.

N.T., Guilty Plea and Sentencing, 3/24/22, at 6-7.

As noted, Appellant is bound by his testimony during the guilty plea colloquy. *Alameda*, 339A.3d at 510. Herein, Appellant not only testified that he clearly understood that he was pleading to Count 15, but he also admitted that he conspired with Miguel Bones-Gomez to possess controlled substances with the intent to deliver. In addition, he accepted the Commonwealth's recitation of the factual basis for the plea, confirmed his guilt, stated that he was aware of his potential sentencing exposure, and noted his understanding that the trial court could impose consecutive sentences up to 150 years

imprisonment if desired. N.T., Guilty Plea and Sentencing, 3/24/22, at 5-7, 13. As the certified record belies Appellant's assertion that counsel's failure to discuss with him the ramifications of pleading guilty to conspiracy to violate 42 Pa.C.S. § 9543(a)(3) under Count 15 rather than Count 14, Appellant's assertions that the plea was induced by counsel's ineffectiveness or that he entered the plea unknowingly is unavailing.

The second aspect of Appellant's ineffective assistance claim relates to Attorney Nigrini's failure to preserve a sentencing claim on direct appeal. Specifically, Appellant asserts that Attorney Nigrini neglected to argue that the Pennsylvania Sentencing Code treats fentanyl-related offenses disproportionally harsher in comparison to other crimes involving controlled substances. In his brief, Appellant failed to cite any legal authority or present cogent argument to support the bald allegation that fentanyl is treated more harshly by the Sentencing Code.[3] This defect is fatal. We have outlined the briefing obligations of a *pro se* appellant thusly:

---

[3] Appellant filed a reply brief highlighting that, in 2017, the Pennsylvania District Attorneys Association endorsed a policy that would increase the offense gravity score of some fentanyl-related crimes. It is beyond cavil that an Appellant cannot raise new arguments in a reply brief. **See** Pa.R.A.P. 2113; **Sullivan v. Werner Co.**, 253 A.3d 730, 749 n.13 (Pa.Super. 2021), *aff'd*, 306 A.3d 846 (Pa. 2023). Moreover, Appellant neglects to identify when, if ever, the Sentencing Commission adopted the proposed increases. In this vein, we note that the current version of the Sentencing Guidelines, which significantly revised the system of calculating offense gravity scores, did not come into effect until January 1, 2024, which was approximately one and one-half years after Appellant's sentencing.

> We are cognizant that Appellant is *pro se*, however, this Court will not act as counsel and will not develop arguments on behalf of an appellant. It is an appellant's duty to present arguments that are sufficiently developed for our review. The brief must support the claims with pertinent discussion, with references to the record and with citations to legal authorities. As such, when issues are not properly raised and developed in briefs, when the briefs are wholly inadequate to present specific issues for review, a court will not consider the merits thereof. Although this Court is willing to construe liberally materials filed by a *pro se* litigant, a *pro se* appellant enjoys no special benefit. Any layperson choosing to represent himself in a legal proceeding must, to some reasonable extent, assume the risk that his lack of expertise and legal training will prove his undoing.

**Commonwealth v. Westlake**, 295 A.3d 1281, 1286 n.8 (Pa.Super. 2023) (quotations and citations omitted) (cleaned up). As Appellant failed to develop his argument with citation to any relevant legal authority, he has waived this issue on appeal.

Appellant's final claim challenges PCRA counsel's stewardship for seeking to withdraw. In **Commonwealth v. Bradley**, 261 A.3d 381 (Pa. 2021), our Supreme Court held that a claim of PCRA counsel ineffectiveness may be raised at the first opportunity to do so, even if on appeal. It explained:

> In some instances, the record before the appellate court will be sufficient to allow for disposition of any newly-raised ineffectiveness claims. However, in other cases, the appellate court may need to remand to the PCRA court for further development of the record and for the PCRA court to consider such claims as an initial matter. Consistent with our prior case law, to advance a request for remand, a petition would be required to provide more than mere boilerplate assertions of PCRA counsel's ineffectiveness; however, where there are material facts at issue concerning claims challenging counsel's stewardship and relief is not plainly unavailable as a matter of law, the remand should be afforded[.]

*Id*. at 402 (quotations and citations omitted) (cleaned up). Thus, "appellate courts will have the ability to grant or deny relief on straightforward claims, as well as the power to remand to the PCRA court for the development of the record." *Id*. at 403. However, where relief is "plainly unavailable as a matter of law," we need not remand for further consideration of the claim. *Id.* at 402.

Instantly, no purpose would be served by remand because Appellant cannot demonstrate that the underlying claim has arguable merit. In relevant part, Appellant complains that PCRA counsel neither wrote to him nor visited him in prison to discuss his case or permit Appellant to assist with counsel's investigation. Appellant's brief at 17-18. However, Appellant neglects to identify what issues counsel failed to address in seeking to withdraw from representation. Indeed, as the Commonwealth accurately highlights, Appellant asserts the same claims in his brief that he alleged in the *pro se* petition. Hence, there were no novel arguments for PCRA counsel to uncover. As we already determined that the claims raised in the *pro se* petition warrant no relief, Appellant cannot demonstrate that counsel provided ineffective assistance in seeking to withdraw. Consequently, Appellant's ineffective assistance claim concerning PCRA counsel lacks arguable merit.

Based on the foregoing, Appellant has advanced no basis for this Court to disturb the PCRA court's order.

Order affirmed.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary


Date: 12/3/2025