J-A05036-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| MELISSA MATTHEWS | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JULIUS NEMCOW | : | |
| | : | |
| Appellant | : | No. 1936 EDA 2025 |

Appeal from the Order Entered June 11, 2025
In the Court of Common Pleas of Montgomery County Civil Division at
No(s): 2025-09786

BEFORE: KUNSELMAN, J., NICHOLS, J., and SULLIVAN, J.

JUDGMENT ORDER PER CURIAM: **FILED JANUARY 22, 2026**

Julius Nemcow ("Nemcow") appeals *pro se* from the agreed-to Protection from Abuse[1] order ("PFA") entered on behalf of Melissa Matthews ("Appellee"). We dismiss this appeal and strike the case from the argument list.

We briefly note this matter arises from an application for a PFA filed by Appellee against Nemcow. Pertinent to this appeal, on June 11, 2025, both parties signed an agreed-upon order which provides for a nine-month PFA order. *See* Trial Court Opinion, 9/2/25, at 1. Subsequently, Nemcow filed two motions for reconsideration, claiming he had only agreed to the entry of

_____

[1] *See* 23 Pa.C.S.A. §§ 6102-6122.

a five-month PFA order. *See id*. at 1-2. The trial court denied the motions for reconsideration and the instant appeal followed.[2]

As an initial matter, we must consider whether the defects in Nemcow's "brief" require dismissal of the appeal. Appellate briefs must conform materially to the requirements of the Pennsylvania Rules of Appellate Procedure ("Pa.R.A.P."), and this Court may dismiss an appeal if the defects in the brief are substantial. *See Commonwealth v. Tchirkow*, 160 A.3d 798, 804 (Pa. Super. 2017). "Although this Court is willing to construe liberally materials filed by a *pro se* litigant, a *pro se* appellant enjoys no special benefit. Accordingly, *pro se* litigants must comply with the procedural rules set forth in the Pennsylvania Rules of the Court." *Id*. (citation omitted). It is an appellant's duty to present arguments that are sufficiently developed for our review. *See Commonwealth v. Westlake*, 295 A.3d 1281, 1286 n.8 (Pa. Super. 2023). An appellate brief must support its claims with pertinent discussion, references to the record, and citations to legal authorities. *See Commonwealth v. Hardy*, 918 A.2d 766, 771 (Pa. Super. 2007). "This Court

_____

[2] Nemcow filed an appeal from the order denying his second motion for reconsideration. This Court issued a rule to show cause noting that an appeal cannot be taken from an order denying reconsideration, and that the June 11, 2025, PFA order was labeled a "temporary," not a final, PFA order. Nemcow filed an answer stating the trial court referred to the June 11, 2025, PFA order as "final." Because there appeared to be a breakdown in the trial court regarding whether the June 11, 2025, order was a final order, this Court directed Nemcow to file an amended notice of appeal from the June 11, 2025, order. Nemcow complied. The trial court did not order Nemcow to file a Pa.R.A.P. 1925(b) statement but did issue an opinion.

will not act as counsel and will not develop arguments on behalf of an appellant." *Id*. If a deficient brief hinders this Court's ability to address any issue on review, the issue will be regarded as waived. *See Commonwealth v. Gould*, 912 A.2d 869, 873 (Pa. Super. 2006) (citation omitted) (holding an appellant's failure to support his claim with factual background and citations to the record represented "serious deviations from the briefing requirements of the Rules of Appellate Procedure," waiving review of the claim).

Nemcow's brief fails to comply with any of the Pennsylvania Rules of Appellate Procedure. *See* Pa.R.A.P. 2111. It does not contain: a statement of jurisdiction (*see* Pa.R.A.P. 2114), a statement of order or other determination in question (*see* Pa.R.A.P. 2115), a statement of both the scope of review and the standard of review (*see* Pa.R.A.P. 2111(a)(3)), a statement of the questions involved (*see* Pa.R.A.P. 2116), a statement of the case (*see* Pa.R.A.P. 2117), a summary of argument (*see* Pa.R.A.P. 2118), or an argument (*see* Pa.R.A.P. 2119).

Nemcow's three-and-one-quarter page "brief" consists of scurrilous accusations against the trial court, court staff, and Appellee's counsel. *See* Nemcow's Brief at 1-4 (unnumbered). It is devoid of both citations to the record and to any legal authority. *See id*. In the main, his "argument" consists of a claim the court and Appellee conspired against him by tricking him into a agreeing to a nine-month PFA order rather than a five-month PFA order. *See id*. Nemcow acknowledges he did not read the proposed order

carefully but claims that the numbers five and nine sound and look the same and therefore he could not be expected to differentiate between them. ***See id***.

Nemcow elected to proceed *pro se*. It is not the responsibility of the trial court, court staff, or opposing counsel to give a party legal advice or tell him how to navigate the procedural aspects of this matter. ***See Commonwealth v. Ray***, 134 A.3d 1109, 1114 (Pa. Super. 2016) (citations omitted) (stating "a layperson choosing to represent himself in a legal proceeding to a reasonable extent assumes the risk that his lack of legal training will place him at a disadvantage").

Given the severe deficiencies in Nemcow's brief, this Court is unable to meaningfully review this appeal. We will not develop arguments on behalf of an appellant or comb the record for factual underpinnings to support an appellant's position. ***See Keller v. Mey***, 67 A.3d 1, 7 (Pa. Super. 2013). Accordingly, Nemcow's failure to conform with our appellate rules compels the dismissal of the appeal. ***See*** Pa.R.A.P. 2101 (providing that "if the defects . . . in the brief . . . are substantial, the appeal . . . may be . . . dismissed").

Appeal dismissed. Case stricken from argument list.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: <u>1/22/2026</u>